## PORTER v. McKINZIE.

1. **Statute of limitations: EVIDENCE OF DEFAULT.** To avoid the statute of limitations against an account, upon the evidence of the defendant, it must *affirmatively* appear therefrom that "*the cause of action still justly subsists.*"

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 14.

STATUTE OF LIMITATIONS: CONSTRUCTION OF SECTION 2742 OF THE REVISION, &c. — Plaintiff sues to recover on an account for dental services.

The action was commenced May 1, 1862. The first item in the account is dated April 16, 1852; the last but one November 13, 1856, and the last item is as follows: "June 26, 1857, to extracting tooth for wife's sister, 50c."

Answer. — 1st. In denial. 2d. Statute of limitations. All of the items except the last were over five years standing when suit was commenced. The defendant denied that he ever authorized the last charge.

The plaintiff offered evidence tending to show that it was authorized by the defendant. This was a disputed point on the trial, and was submitted to the jury under instructions from the court.

That the main point ruled in the opinion may be understood, it is essential to set out the defendant's evidence, he having been sworn as a witness in his own behalf. He testified substantially as follows:

"The said sets of teeth charged in said account, were made by plaintiff under a special contract, by which he was to make me a good set of teeth, as serviceable as natural teeth, and I was not to pay unless they were good teeth and did good service; they never did good service, they were utterly worthless to me; could not wear them

when I ate or slept; wore them only occasionally, when I came to town, for appearance sake; never authorized plaintiff to do any services for my wife's sister; I never saw this account or any account till I was sued in this case; I saw the account of the plaintiff and did not object to the other items; the teeth would not stay in my mouth; I told the plaintiff, and he said a new pattern had been invented in Cincinnati; that if I would let him have $50 to get the new pattern he would make me a set as good as natural teeth; I loaned him the $50; don't know the year; did not take a note for the $50; don't usually lend money without taking a note; nothing said about interest; no agreement to repay the $50; the only substance was he asked me for $50, and I gave it to him; he had done some work."

This was all of the defendant's testimony. Verdict for plaintiff. Defendant appeals.

*John Doud, Jr.*, for the appellant.

*John Hodgdon* for the appellee.

DILLON, J. — The charge of the court respecting the liability of the defendant for the last charge in the account

1. STATUTE OF LIMITATIONS. evidence of defendant.

was not excepted to. This part of the case we pass without further notice, except to say that the evidence was so conflicting, as not to justify us in deciding that the District Court erred in refusing a new trial, on the ground that the verdict was against the testimony.

The verdict must therefore stand unless there was error in the instructions of the court. Among others the court gave to the jury the following instruction :

"The statute of limitations against an account, is also avoided by the testimony of the defendant himself on oath.

If he testifies that such account exists and remains unsatisfied, and if you find that these points have been established by the testimony of the defendant, the limitation will then form no bar to the claim."

To this the defendant duly excepted.

All of the evidence upon which this instruction is based is set out in the statement of the case. The statute upon which it is founded is as follows:

" In actions upon contracts the above limitations shall not apply, if from the answer of the defendant or *from his testimony as a witness, it appears affirmatively that the cause of action still justly subsists.*" Revision, § 2742.

The object of statutes of limitation is to protect parties from stale and unjust demands. There is no danger of a party unjustly suffering from a demand, which upon his oath he distinctly admits justly to subsist against him. Hence the wisdom of the exception contained in the above cited section of the statute. Revision, § 2742.

The instruction above copied was erroneous. The testimony did not warrant it, for the evidence of the defendant (and upon this point no other could be regarded) did not cause it affirmatively to appear, that the cause of action still justly subsisted. See *Auter* v. *Miller*, 18 Iowa, 405; *Hunt* v. *Coe and Wells*, 15 Id., 197.

Indeed, taking the defendant's whole evidence, it is doubtful whether it showed that a cause of action ever justly existed against him. Certain it is that his testimony, as set out in the record, is not sufficient to remove the bar of the statute if this bar otherwise existed. It is to be noted that the statute requires it *affirmatively* to appear from the defendant's evidence, and from that alone, that the cause of action *still justly subsists.* The instruction of the court did not follow the statute.

We cannot know but that the jury found against the plaintiff on the last item of his account; and if so,

the whole account was barred, unless taken out of the statute by the testimony of the defendant.

Hence the materiality of the instruction under consideration. For the error in giving it, the judgment is reversed and the cause remanded for a new trial.

Reversed.