### ROBEY & ROBEY v. KNOWLTON.

1. **Limitation, statute of: EVIDENCE OF DEFENDANT.** To justify a recovery for a debt barred by the statute of limitations, upon the testimony of the defendant, it must *affirmatively* appear therefrom, that the cause of action justly subsists. Rev. § 2742.

2. —— **INDEBTEDNESS MUST HAVE LEGALLY EXISTED.** If the testimony of the defendant leaves the case so that the court cannot affirmatively say that the cause of action ever did have any legal existence, an admission of its non-payment is insufficient; and it is accordingly held, that an admission by the defendant of the execution and non-payment of the note sued upon, did not justify a recovery, when it was left in doubt as to whether it ever had any consideration or whether any legal recovery could ever have been had thereon.

*Appeal from Benton District Court.*

THURSDAY, JANUARY 23.

PLAINTIFFS declare upon a note made November 9, 1855, due presently, by defendant and his wife, M. A. Knowlton, now deceased. It was made to Osborne as guardian of plaintiffs, and on the back thereof had this indorsement: "The within is the amount of my third of the Robey farm. M. A. KNOWLTON." The note was made in New Hampshire, and the action was commenced in May, 1866. Defendant pleaded the statute of limitations, and plaintiffs relied upon his testimony to show that the cause of action still justly subsists. For the further facts see the opinion. Tried to the court, judgment for defendant, and plaintiffs appeal.

*C. H. Conklin* for the appellants.

*Preston & Son* for the appellee.

WRIGHT, J. — The defendant's testimony was substantially as follows: I made the note and have since paid it;

Robey & Robey v. Knowlton.

**1. LIMITATION:** **STATUTE OF: eivdence of defendant.** my wife was the widow of True Robey, deceased, and mother of plaintiffs; I was told that the note was given for my wife's share in her former husband's real estate; there was no other consideration, and it was given as a voucher for such share; the guardian (Osborne) had received the money and wanted something to show that she had received the same; he deceased some time in 1865, and never claimed that I owed the note; I never knew plaintiffs had the note until about the time this suit was commenced; they got their share of the estate by way of compromise; I offered a horse for the note; I married the widow in 1846 and received the money in 1848; my wife and plaintiffs were the only heirs; could not, at the time the note was given, read writing; don't know that I gave a mortgage to secure the note; I used the money, and the wife died in December, 1865; don't know whether the money was my wife's absolutely, or whether she was simply entitled to a life use of it; the indorsement on the note was made at the time it was executed; I received the money as my wife's, and offered the horse only as a compromise.

Upon these facts the question is, whether the court should have found, in the language of the statute, that, from the testimony of defendant, it affirmatively appears that "the cause of action still justly subsists." Rev. § 2742. It will be seen that the statute requires that the cause of action shall appear to still justly subsist *from the defendant's testimony*, and that this shall be thus shown *affirmatively*. And, therefore, however strong and conclusive may be the other testimony, it will not avail unless the court can say that the case is taken out of the statute affirmatively by his oath.

And, if his testimony leaves the case so that the court cannot say affirmatively that a cause of action ever did exist, plaintiff fails as necessarily and as logically as though

VOL. XXIII.—69

it once had a valid existence, and it does not, in like manner, appear that it is still a subsisting indebtedness. For the theory of the provision is, that, while the statute operates to bar the recovery, it is but right and proper to submit the matter to defendant's oath. And if, from this, it affirmatively appears, that plaintiffs' claim, originally valid, still justly subsists, the defendant ought not to complain. Or, in other words, the object is to protect parties against stale and unjust demands, and there is no danger that a party will suffer unjustly from a demand which, upon his oath, he directly admits to still subsist against him. *Porter* v. *McKenzie*, 20 Iowa, 462.

But it must thus appear. And satisfied, as we are, that this testimony does not make such an admission, we feel constrained to hold, that this judgment must be affirmed.

It is true, that defendant admits the execution of the note and its non-payment. And, did the testimony stop

2. —— indebtedness must have existed.

here, the case would be within the exception. The witness gives a detail of the whole transaction, however, which, when fully considered and examined, tends very strongly to show that there never was any consideration for the note. Certain it is, that we cannot say that he directly admits the existence of a liability at the time the note was given. He says it was given as a voucher for his wife's share of her husband's estate. And this is very strongly corroborated by the indorsement on the note, signed by the wife. Whether the money belonged to his wife, absolutely, or whether she was simply entitled to a life use of it, he does not know, nor does it appear.

If the former, and we cannot presume to the contrary, then, of course, there could be no recovery. For aught we can know, the money was the value of her dower right, belonging to her after the sale of the estate, and in consideration of her release of the same in her own right.

But, however this may be, and though, but for the statute, plaintiffs might, under the testimony, be entitled to recover (a matter even then of much doubt), the case made falls so far short of showing affirmatively a justly subsisting cause of action, that we cannot interfere with the judgment below. See the case above cited and referred to, and the authorities there cited.

Affirmed.