## HUNT v. COE AND WELLS.

1. STATUTE OF FRAUDS: IMPEACHMENT. When the plaintiff calls the defendant as a witness, under § 4010 of the Revision of 1860, to establish a parol agreement within the statute of frauds, he will not be permitted to introduce evidence to contradict or impeach that of such defendant.

2. SAME: PART PERFORMANCE. Evidence of the partial performance of lease for a term of years is not admissible for the purpose of taking a contract for the transfer of such lease out of the operation of the statute of frauds.

*Appeal from Muscatine District Court.*

TUESDAY, OCTOBER 13.

A SUIT brought to recover a balance claimed to be due upon a lease, in which the plaintiff failed, and comes here on various exceptions to certain rulings made by the Court on the trial.

*Richman & Bro.* for the appellant, cited *Collins* v. *Vandever*, 1 Iowa, 573; *Bennett* v. *Nye*, 4 G. Greene, 410; *Wilber* v. *Paine*, 1 Ohio, 251; *Earl of Aylesford's Case*, 2 Strange, 783; *Jones* v. *Peterman et al.*, 3 S. & R., 543; *Grant* v. *Ramsey*, 7 Ohio S. R., 157; Rev. 1860, § 2942; *Acker, Sheriff*, v. *Witherell et al.*, 4 Hill, N. Y., 112.

*Brannon and Butler* for the appellee, cited *Westheimer* v. *Peacock*, 2 Iowa, 531; Story Eq. Jur., § 762; *Noel* v. *Noel*, 1 Iowa, 423; *Williamson* v. *Williamson*, 4 Id., 279; *Page* v. *Cole*, 6 Iowa, 153; *Jackson* v. *Pierce*, 2 John., 221; *Adams* v. *Townsend, Adm'r*, 1 Met., 484; *Davis* v. *Fair*, 26 Verm., 592.

LOWE, J.—First, It is complained that the Court erred in excluding the testimony of Geo. W. Hunt and Daniel Shupe. To understand the merits of the question involved in this assignment it will be necessary to explain the circumstances under which this testimony was offered. On the 23d day of January, 1856, the witness, Hunt, who is the plaintiff in this action, leased, under a written contract, certain premises for the term of five years, to the firm of Hungerford, Wells & Shupe. Under this lease said firm occupied the premises until the month of October, 1857, when Hungerford and Shupe sold out their interest to the defendant, Coe, and thereupon the business was continued on the premises by Coe and Wells as partners until the 23d day of January, 1860, at which time they dissolved and abandoned the premises, being one year short of the time for which the plaintiff had leased the same to Hungerford, Wells & Shupe. To recover the rent (and for some other causes of action), for the last year under the written lease between the original parties, the plaintiff sues Coe and Wells, alleging that they had agreed to take the place of the said Hungerford, Wells & Shupe, in the performance of the covenants of said lease, which had been transferred to them in parol, and which agreement and transfer he, the plaintiff, expected to prove by the defendants themselves; that they, the defendants, had occupied the said leased premises, paying the stipulated rent therefor up to the time of the abandonment, and that the plaintiff had accepted them as tenants, &c. The defendant, Wells, made no defense. Coe, in his answer, admits the purchase of the interest of Hungerford and Shupe in the business of the firm of Hungerford, Wells & Shupe, and that he and Wells became joint and equal owners of the stock, materials, machinery, &c., and carried on the business jointly, and paid rent, but denies that he used and

held the premises under or by virtue of any assignment or transfer of the lease, verbal or written, or with any understanding with the plaintiff and Hungerford, Wells and Shupe, to assume and discharge the obligations of said lease, &c.

It appears from a bill of exceptions in the record, that on the trial of the cause the plaintiff introduces the defendant, Wells, who testified to facts tending to prove the verbal contract relied upon by plaintiff to take the case out of the statute of frauds. Afterwards the defendant, Coe, was made a witness by the defense, who contradicted the testimony of the said Wells, and, among other things, testified that he never saw or heard of the lease until about three years after he became the partner of Wells. The plaintiff then offered as witnesses George W. Hunt and Daniel Shupe, by whom he proposed to prove "that defendant, Coe, did know of the lease; that its contents were explained to him by Hungerford, Wells & Shupe, at the time of the purchase, and immediately or very soon thereafter, by the plaintiff, who was called upon by defendant, Coe, for the purpose of having the lease explained." Objections being made, this evidence was not allowed to go to the jury, and, in our opinion, rightfully so. In his petition the plaintiff seeks to recover upon a contract of rent for a term of years, but the Revision of 1860, § 4006, (§ 2409, Code of 1851), says that it is not competent to offer evidence to establish a contract of this kind, unless the same is in writing and signed by the party charged, or by his lawfully authorized agent. No such evidence was offered, for the reason that the contract, if any was made, was a verbal one. The plaintiff, to obviate this objection to the contract, averred in his amended petition (a demurrer to the original having been sustained), that he expected to confirm and verify the contract by the sworn testimony of the defendants. This it was his privilege to do, under § 4010

of the Revision of 1860, (Code of 1851, § 2413,) which makes such sworn admission equivalent to a written contract. Upon this point, it seems that the defendants upon being sworn, contradict and neutralize each other's testimony, leaving the plaintiff precisely where he was before they were called to testify, with the burden of proof upon him. To meet this exigency of his case, he offers the witnesses, Hunt and Shupe, to prove what? a verbal agreement capable of being enforced in law? No. The material allegations of his amended petition. We think not. But to prove that Coe, when he testified that he never saw or heard of the lease until about three years after he became the partner of Wells, did not tell the truth. In other words, that he did know of the lease; that its contents were explained to him by Hungerford, Wells & Shupe at the time of the purchase, and very soon thereafter by the plaintiff himself. The effect of such testimony if it had been received, would have been simply to impeach the credibility of Coe. Such impeachment was never contemplated by the statute of frauds. This is the more obvious from the fact that when it is done, the contract nevertheless is not verified by the admissions of the defendant, and the plaintiff has made no advance whatever in proving the case as laid in his petition. He has failed to exhibit a written contract, and failed to show the confirmation of an unwritten contract by the oath of the party against whom it is sought to be enforced, and there is no other ground left open on which the plaintiff can recover, unless it should be the exhibition of a state of facts involving not only the existence of a contract, but a part performance thereof, whereby the said contract would be taken out of the operation of the statute of frauds.

The appellant, among other things, insists that the testimony of Hunt and Shupe would have tended to show such a state of facts, and that the Court erred on that account

in rejecting the same. Waiving the question whether the plaintiff's amended petition is so formed as legitimately to admit testimony of this kind, we reply first, that in our opinion, the particular facts proposed to be proved by Hunt and Shupe do not, when fairly interpreted, have any such tendency. But if they had, we then inquire by what authority would a part performance of a lease for a term of years, take a contract for the same out of the statute of frauds. We are not required to state what a court of equity would do under the circumstances, but a court of law is confined to the provisions of the statute, with which it is not at liberty to dispense unless the party brings himself clearly within some of the exceptions therein specified. The statute of frauds enumerates under certain heads the different contracts that must be in writing, signed, &c. Subdivision four embraces "contracts for the creation and transfer of any interest in lands, except leases for a term not exceeding one year." Section 4008 of the Revision of 1860, (Code of 1851, § 2411,) says that contracts under this division "shall not apply where the purchase money or any portion thereof has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof, under and by virtue of the contract, or where there is any other circumstance, which, by the law heretofore in force, would have taken the case out of the statute of frauds." The appellant affects to believe that under this exception he has a right to prove a part performance of a leasehold contract in order to escape the operation of the statute. But the very language of the exception itself, *ex vi termini*, forbids the assumption. The line of distinction between leases for years and freehold estates is too indelibly drawn and marked to admit that contracts for the sale of the latter will embrace by any construction those of the former. A court of law has no right to extend the meaning of this

exception beyond the natural and fair import of its own words. We, therefore, do not see upon what legal ground the Court could have allowed the testimony in question to have gone to the jury.

The Court, in its charge to the jury, told them that the exception contained in § 4008, upon which we have just been commenting, did not include or extend to lessees or their assigns, and this is another error complained of by the appellant, but further remark upon this question is not demanded. The motion for a new trial, based upon these supposed errors, was properly overruled. The question whether the defendants should have specially pleaded the statute of frauds is raised for the first time in this Court, and is entitled to no consideration. We discover no error and the judgment below is

Affirmed.