STEWART v. McMILLAN.

Statute of limitations: EVIDENCE OF DEFENDANT. A judgment cannot, under section 2742 of the Revision, properly be rendered against the defendant in an action wherein the statute of limitation is pleaded, on his own testimony, given as a witness, called by the opposite party, unless it *affirmatively* appears therefrom that the debt still justly subsists.

*Appeal from Lee Circuit Court.*

THURSDAY, JULY 25.

THIS action was commenced, before a justice of the peace, upon the 26th day of January, 1869, upon a due-bill executed by the defendant, dated West Point, October 28, 1854, in these words : " On settlement, due W. R. Stewart or order $15.35, with ten per cent." The defendant admitted the execution of the note, and pleaded the statute of limitations. On the trial, before the justice of the peace, the plaintiff recovered judgment for the full amount of the due-bill and interest. The defendant appealed to the circuit court, where, on a trial to the court, judgment was rendered for the defendant. The plaintiff appeals to this court.

*John Van Valkenburg* for the appellant.

*F. & F. H. Semple* for the appellee.

COLE, J. — The note sued on is dated October 28, 1854 ; this action was commenced on the 26th day of January, 1869 ; so that, by our statute (Rev., § 2740) nothing further appearing, an action on the note is barred — the limitation being ten years. But our statute, section 2742, further provides : " That such limitation shall not apply, if from the testimony of the defendant, as a witness, it appears affirmatively that the cause of action still justly subsists. This last cited section was repealed by section 35, chapter 167 of laws of 1870, which took effect April 29, 1870, with the proviso, that the repeal should not affect pending actions ; and this action was then pending.

On the trial, in the circuit court, the defendant was introduced as a witness, and testified as follows : " I am the defendant in this suit; upon examining the note sued on, I think it is my handwriting; I don't know much about it;

Stewart v. McMillan.

I did not borrow money those days; I dealt with Stewart as a merchant for several years, and I think it was given to close up a goods account; it might have been a just claim at one time; Stewart would have never let a claim run so long if it was not paid; this is the reason I think it was paid; I have no recollection of paying the claim; I don't recollect that I have, as I said before; the justice of the peace asked me if the note had ever been presented to me, and I replied that it had not; Ehinger, the justice, told me that a little claim was left in his hands against me, and I asked him who left it, and he said Stewart had left it; I replied, that it was so old that it was dead in law; no questions were asked me about payment that I recollect of." This was all of the defendant's testimony. Other witnesses testified as to what the defendant had said on the previous trial and elsewhere; but, under our statute, these go for naught. § 2751; *Hunt* v. *Wells*, 15 Iowa, 197. The only question is, does it affirmatively appear, from the defendant's testimony above set out, that the debt still justly subsists? We think it does not. The statute does not require a defendant to prove payment. He may rely upon the statute for that, and, unless he testifies *affirmatively* that it is not paid, or to what is equivalent thereto, no judgment can properly be rendered against him. But he does testify, in this case, that he thinks it was paid; it is true he grounds his belief on the statute, or allows his individual presumptions to run along with the presumptions of the statute, and to repose on them. This he may do. And so long as he does not, by his own testimony, make it appear affirmatively that the debt still justly subsists, no judgment can properly be rendered against him. This is in accord with our previous rulings on the same statute. *Porter* v. *McKenzie*, 20 Iowa, 462; *Webster* v. *Rees*, 23 id. 269; *Robey* v. *Knowlton*, id. 544; *Howells* v. *Patten*, 26 id. 531, and other cases.

Affirmed.