Wagner v. Gage County.

JOHN WAGNER, PLAINTIFF IN ERROR, v. GAGE COUNTY, DEFENDANT IN ERROR.

**Highway**: ASSESSMENT OF DAMAGES. The measure of damages to be awarded a land owner, on account of the location of a public highway through his land, is the fair market value of the land actually taken, while special benefits may be set off against incidental damages to the residue of the tract.

THIS action was tried in the district court of Gage county, on appeal from the award of three commissioners appointed by the county commissioners of that county, to assess damages sustained by John Wagner, by reason of the location of a public road on the north line of the west half of the north east quarter of section twenty-two, in township four, north of range six, east of the sixth principal meridian, thence south through the center of said section, taking in all about six and three-fourths acres of plaintiff's land.

The cause was tried before Mr. Justice Gantt, and a jury. The plaintiff testified that the land taken for the road was worth thirty dollars per acre. Edward Arnold testified that the land so taken was worth twenty-five dollars per acre, and that the damage to the remainder of the tract was four or five hundred dollars, and one hundred and sixty rods of extra fence would have to be built on account of the location of the road. A number of witnesses for the defendant testified that the land taken was worth from fifteen to twenty-five dollars per acre, but that the road caused no injury to the plaintiff. The court charged the jury as follows:

"In your consideration of the evidence, you will not take into consideration any consequential damages that might possibly occur by reason of the location of such road, nor what might be consequential costs of erecting fences; but the measure of damages is the difference between the market value of the premises immediately

before the road was located, and the market value thereof immediately after its location."

The jury found a verdict for the defendant; whereupon the plaintiff filed a motion for a new trial, which being overruled by the court, judgment was rendered on the verdict. To reverse this judgment the cause was brought to this court by petition in error.

*N. K. Griggs* and *W. H. Ashby*, for plaintiff in error, submitted the following points:

I. The court errred in its charge to the jury. Inconvenience, necessity for additional fencing, and other consequential damages, incident to the location of the road, are proper subjects of consideration by the jury in the matter of compensation. *Somerville and Eastern Railroad Co., adv. Doughty,* 2 *Zab.,* 495. *Petition of the Mount Washington Road Co.,* 35 *New Hamp.,* 134. *Henderson and Nashville Railroad Co., v. Dickerson,* 17 *B. Monroe,* 173.

There were six and three-fourths acres of plaintiff's land taken, which were of the value of from fifteen to thirty dollars per acre; to this amount the plaintiff was entitled without deduction for benefits. *Sedgwick on the Measure of Damages,* 5th *Ed.,* 662, 666. *Henderson and Nashville Railroad Co. v. Dickerson,* 17 *B. Monroe,* 173. *Louisville and Nashville Railroad Co. v. Thomson,* 18 *B. Monroe,* 735. *The State v. Miller,* 3 *Zab.,* 383. *Bigelow v. The West Wisconsin Railroad Co.,* 27 *Wis.,* 479. *Hill v. The M. and H. Railroad Co.,* 5 *Denio.,* 206. *Keasy v. The City of Louisville,* 4 *Dana,* 154.

II. The weight of authority is, that benefits can only be set off against incidental damages.

And this, we submit, is the equitable rule. But if we admit (which we do not) that benefits may be deducted

from the value of the land taken, still, it is for the *defendant to show* that the lands of the plaintiff, not taken, were *peculiarly benefitted* by reason of the location of the road—receiving a benefit therefrom, not inuring to other lands in the same vicinity. *Meacham v. Fitchburg Railroad Co.*, 4 *Cush.*, 291. *Dwight v. County Commissioners of Hampden*, 11 *Cush.*, 201. *Upton v. The South Reading Branch Railroad Co.*, 8 *Cush.*, 600. *Dickenson v. Inhabitants of Fitchburg*, 13 *Gray*, 546.

This the defendant failed to do; neither was there any evidence, showing benefit to plaintiff's land, introduced at the trial.

Therefore we submit that the plaintiff was entitled to the actual value of the land taken, together with his incidental damages sustained, deducting benefits from such incidental damages.

*S. C. B. Dean and W. J. Galbraith*, for defendant in error, contended as follows:

Section 13, article 1, of the constitution of the state of Nebraska, provides that "the property of no person shall be taken for public use, without just compensation therefor." As used in the constitution, "compensation" means simply an indemnity; that the party whose property is taken for public use, must receive in return something, the pecuniary value of which equals the amount of damages he sustains by such taking. *S. F. A. & S. R. R. Co.*, *v. Caldwell*, 31 *Cal.*, 367. *Betts v. The City of Williamsburg*, 15 *Barb.*, 256.

Where, as in the present case, the property taken consists of a portion only of a tract of land, the compensation is to be made for the land actually taken or occupied and the damages caused to the portion remaining. These damages are a unit though consisting of separate items; and a deduction, if made for any purpose, must be made

from the gross amount. *Winona & St. Peter R. R. Co. v. Waldron*, 11 *Minn.*, 515.

Since compensation is to be made for the damages sustained where an act inflicts injury, and at the same time confers benefits, the one should be set off against the other in determining the compensation. *Winona & St. Peter R. R. Co. v. Waldron*, 11 *Minn.*, 515.

When any particular district or neighborhood is exclusively benefited by any public improvement it may be made to bear the whole expense of that improvement. *The Chic., Burlington and Quincy R. R. v. The County of Otoe, Appendix*, 2 *Neb.*, 496. *McMasters v. Commonwealth*, 3 *Watts*, 292. *Fenelon's Petition*, 7 *Penn. State*, 173. *Hill v. Higdon*, 5 *Ohio State*, 243.

Lands contiguous to a highway, and those through which it runs are generally the only lands enhanced in value by the road, and these lands should therefore bear the burden of the improvement, to the extent, at least, of their increased value. *McMaster v. Commonwealth*, 3 *Watts*, 292. *The People v. The Mayor, etc., of Brooklyn*, 4 *New York* 419. *Nicholson v. The New York and New Haven R. R. Co.*, 22 *Conn.*, 74.

The legislature did not contemplate, and the act under which the plaintiff claims compensation does not require, payment for the land taken, but simply damages for the right of way over the land. *General Statutes*, 956, *Sec.* 24.

The rule, therefore, for determining the amount of compensation to be paid was correctly given to the jury by the court below, which is to ascertain the fair market value of the whole land without the road, and the fair market value of what remains after the road is made. The decrease, if any, is the compensation to which the party is entitled. *Fenelon's Petition*, 7 *Barr*, 173. *Symonds v. The City of Cincinnati*, 14 *Ohio*, 148. *Henry v. Dubuque R. R. Co.*, 2 *Iowa*, 288.

MAXWELL, J.,

Section thirteen of the bill of rights in our constitution declares that "the property of no person shall be taken for the public use without just compensation therefor;" and that section is only declaratory of the common law. Blackstone says, "so great moreover is the regard of the law for private property, that it will not sanction the least violation of it; no, not even for the general good of the whole community. If a new road, for instance, were to be made through the grounds of a private person, it might perhaps be extensively beneficial to the public; but the law permits no man or set of men to do this without the consent of the owner of the land. In vain may it be urged that the good of the individual ought to yield to that of the community, for it would be dangerous to allow any private man, or even any public tribunal, to be the judge of this common good, and to decide whether it be expedient or not. Besides, the public good is in nothing more essentially interested, than in the protection of every individual's private rights as modeled by the municipal law. In this and similar cases, the legislature alone can, and indeed frequently does, interpose, and compel the individual to acquiesce. But how does it interpose and compel? Not by absolutely stripping the subject of his property in an arbitrary manner, but by giving him a full indemnification and equivalent for the injury thereby sustained. The public is now considered as an individual treating with an individual for an exchange. All that the legislature does is to oblige the owner to alienate his possession for a reasonable price; and even this is an exercise of power which the legislature indulges with caution, and which nothing but the legislature can perform." 1 *Cooley's Blackstone*, 139.

Our statutes, (*General Statutes*, 955), provide the mode of locating new roads, and section twenty-four of

the chapter provides for compensation to the owner of the land.

The question arises, what is just compensation? All the cases seem to concur in excluding mere general and public benefits, which the owner of the land shares in common with the rest of the inhabitants of the vicinity, from being taken into consideration in estimating compensation. While this is the law in theory, in several of the states it seems to be disregarded.

In Massachusetts the court held, " the jury might and ought to have returned that the party sustained no damages, if such was their conviction; the benefit the owner of the land derived from the laying out of a way over it may often exceed the value of the land covered by the way." *Commonwealth v. Sessions of Middlesex*, 9 *Mass.*, 388. And the same doctrine has been held in Vermont. *Livermore v. Jamaica*, 23 *Vt.*, 361. And in Pennsylvania the court held, " the more common mode of estimating ˙land damages, unquestionably is, to give the company the specific benefit caused to land, a portion of which is taken, in the enhancing the value of the same, and only to allow the land owner such a sum as will leave him as well off in regard to the particular land, as if the works had not been built, or his land taken. This is done by giving the land owner a sum equal to the difference between what the land would have sold for before the road was built, and what the remainder will sell for after the construction." *Harvey v. Lackawanna and Bloomsburgh R. R.*, 47 *Pennsylvania State*, 428. *Troy and Boston Railroad v. Lee*, 13 *Barb.*, 169. *Matter of Furnam Street*, 17 *Wend*, 649.

The supreme court of Ohio, since the adoption of the constitution of 1851, hold that in all cases compensation must be made for the land actually taken. The court says, in regard to the provisions of the constitution providing for compensation, " by the one, the compensation is to be assessed without deduction for benefits, and by the

other irrespective of benefits, and by each a *full compensation* is required. Now, when is a man fully compensated for his property? Most clearly and unquestionably when he is paid its full value, and never before. The word "irrespective" relates to this full compensation, and binds the jury to assess the amount without looking at or regarding any benefits contemplated by the construction of the improvement. When this is done, and this consideration wholly excluded, the jury have nothing to do but ascertain the fair market value of the property taken.     *     *     *
Whether the property is appropriated directly by the public, or through the intervention of a corporation, the owner is entitled to receive its fair market value at the time it is taken, as much as he might fairly expect to be able to sell it to others for if it was not taken, and this amount is not to be increased from the necessity of the public or the corporation to have it, on the one hand, nor diminished from any necessity of the owner to dispose of it, on the other. It is to be valued precisely as it would be appraised for sale upon execution, or by an executor or guardian, and without any regard to the external causes that may have contributed to make up its present value." *Giesy v. C. W. and Z. Railroad Co.,* 4 *Ohio State,* 330, 331, 332.

This seems to us to be the only just and equitable rule, requiring in all cases that compensation shall be made for the fair market value of the land actually taken, while special benefits may be set off against any local or incidental injury to the residue of the tract.

Section nineteen of the bill of rights of the Ohio constitution provides, that compensation for property taken for public use shall be assessed by a jury "without deduction for benefits to any property of the owner." This provision seems to have been incorporated in the constitution of 1851, in consequence of the decisions of

the supreme court of that state in *Symonds v. The City of Cincinnati*, 14 *Ohio*, 147, *and Brown v. The Same*, 14 *Id.*, 541, where the court held it was competent for the defense to show the benefit conferred on the owner by the appropriation, such benefit to be considered by the jury in estimating the damages. We think the words "without deduction for benefits," adds nothing to the term "just compensation," and that the same rule is as applicable in our state as in Ohio.

The jury in this case having found for the defendant, it was the duty of the court to set aside the verdict and grant a new trial.

The judgment of the district court is reversed, and cause remanded for a trial *de novo*.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE LAKE concurs.