F. E. & M. V. R. R. Co. v. Whalen.

THE FREMONT, ELKHORN & MISSOURI VALLEY R. R.
COMPANY, PLAINTIFF IN ERROR, v. W. D. WHALEN,
DEFENDANT IN ERROR.

1. **Railroad:** RIGHT OF WAY: DAMAGES. Where land is condemned for railroad purposes the owner is entitled to have as one item of damage, in all cases, the fair market value of the part actually taken. And where a portion of the tract remains, if it can be said with reasonable certainty that the road, properly constructed and carefully operated, will injure it, he is also entitled to recover for that. But injuries merely speculative and contingent upon the improper construction or negligent operation of the road are too remote and uncertain to be considered.

2. ———: ———: SPECIAL BENEFITS. Special benefits may go to reduce the damages to what remains of the land, but cannot be set off against the value of the part taken.

3. ———: ———: OPINION OF WITNESSES. Witnesses should not be permitted to express their opinions before the jury of the value of the land, *subject to the right of way*. This should be left to the jury to ascertain from facts affecting the value, and proper to be considered, uninfluenced by the opinion of others.

ERROR to the district court for Stanton county, the cause having been brought there on appeal by Whalen from an assessment of damages in the sum of $191, made in the county court in his favor, on account of the location of the railroad over certain land owned by said Whalen. Trial before BARNES, J., and a jury, with verdict and judgment against the railroad for $892.11.

*Joy & Wright*, for plaintiff in error, cited *Tufts v. City of Charleston*, 4 Gray, 539. *Robb v. Maysville*, 3 Met. (Ky.), 117. *Penn. R. R. v. Bushnell*, 81 Penn. State, 144. *Central Pacific v. Pearson*, 35 Cal., 347. *Wagner v. Gage County*, 3 Neb., 237. *Todd v. Kanka-*

*kee,* 78 Ill., 530.   *Shepley v. Baltimore R. R.,* 34 Md., 336.   *Saint Paul R. R. v. Matthews,* 16 Minn., 341. *Lyon and wife v. G. B. & M. R. R.,* 42 Wis., 538. *King v. Iowa Midland R. R. Co.,* 34 Iowa, 453.   *Isom v. Miss. R. R. Co.,* 36 Miss., 300.   *Presbrey v. Old Col. & N. R. R. Co.,* 103 Mass., 6.   *Proprietors Locks and Canals v. N. & L. R. R. Co.,* 10 Cush., 388.   *Alabama & Florida R. R. v. Buckett,* 46 Ala., 569.   *In matter of U. V. & Johnsonville R. R. Co.,* 53 Barb., 457.   *Sunbury & E. R. R. Co. v. Humwell,* 27 Penn. St., 99.   *Lehigh Valley R. R. Co. v. Lazarus,* 28 Penn. St., 203. *Patton v. N. C. R. R. Co.,* 33 Id., 426.   *Hooker v. New H. & Northampton R. R. Co.,* 14 Conn., 146.   *Kramer v. C. P. R. R. Co.,* 5 Ohio St., 140.   *C. P. R. R. Co. v. Simpson,* 5 Ohio St., 251.   *Wilson v. R. R. I. & St. L. R. R.,* 59 Ill., 274.   *Hayes v. O. O. F. R., etc., R. R.,* 54 Ill., 373.   *Meacham v. Fitchburg R. R.,* 4 Cush., 291. *Jones v. W. V. R. R.,* 30 Ga., 43.

*H. C. Brome* and *J. A. Ehrhardt,* for defendant in error, cited Mills on Eminent Domain, 159, 169. *Howard v. Providence,* 6 R. I., 514.   *Whitman v. Boston R. R.,* 7 Allen, 313.   *Buffum v. New York R. R.,* 4 R. I., 221.   *Rondout v. Deyo,* 5 Lans., 298.   *Newby v. Platte County,* 25 Mo., 258.   *White v. Charlotte R. R.,* 6 Rich. L., 47.   *Young v. Harrison,* 17 Ga., 30.   *Cortes v. St. Paul R. R.,* 10 Minn., 28.   *Bangor R. R. v. McComb,* 60 Me., 290.   *Pittsburg R. R. v. Rose,* 74 Pa., 362.   *Atchison R. R. v. Blackshire,* 10 Kan., 477.   *St. Louis R. R. v. Teters,* 68 Ill., 144.   *Wilson v. Rockford R. R.,* 59 Ill., 273.   Field on Corporations, 514, 515, secs. 449, 450.   *SanFrancisco R. R. v. Caldwell,* 31 Cal., 367.   *Matter of Utica R. R.,* 56 Barb., 456.   *Penn. R. R. v. Bonnell,* 81 Pa., 414.   *Selma R. R. v. Keith,* 53 Ga., 178.   *Sidener v. Essex,* 22 Ind., 201.   *Chicago R. R. v. Stein,* 75 Ill., 41.   *Bigelow v. Wisconsin R. R. Co.,*

27 Wis., 478. *Gear v. Railroad*, 39 Iowa, 23. *Simmons v. St. Paul R. R. Co.*, 18 Minn., 184. *Virginia R. R. v. Henry*, 8 Nev., 165. *Putnam v. Douglas County*, 6 Oreg., 328.

Lake, J.

The first error complained of is, that the damages found by the jury were not warranted by the evidence. If all of the evidence submitted to the jury, and which by the instruction of the judge they were required to consider in making up their verdict, had been competent, this objection to the finding would have been without merit, but for the reasons we shall give in considering another branch of the case, we are of opinion that it is well taken.

The second and third errors assigned are of like import, and need not be separately considered.

The fourth error assigned is, "That the court erred, over the objection of the defendant company, in permitting the introduction of the testimony by plaintiff in the court below of the witnesses James McKinney," and others, "upon the matter and question of value of real estate and damages sustained in the location of said road." This objection is too general. Much of the testimony of each of these witnesses was clearly admissible upon the questions here referred to; therefore, to avail, the objection should have specified the particular portion aimed at, as, by giving the number of the question or answer supposed to have been improperly admitted.

The fifth and sixth assignments have the same defect, and will not be further noticed.

The seventh, eighth, and ninth errors assigned pertain to the judge's charge. The instructions particularly complained of are the third, fourth, and fifth, as

numbered in the record. These are all devoted to one subject, the rule of damages by which the jury were to be guided in making up their verdict. By them, in very general terms, the jury were in substance told that, in estimating the damages to which the owner of the land was entitled, they should from all the evidence before them ascertain the fair market value of the land at the time of the condemnation of the portion taken for right of way. This done, they should next find from all the evidence the market value of the tract with the right of way carved out of it, excluding from their consideration all incidental benefits which might be supposed to flow to the public from the building of the road, and if the market value so ascertained, "immediately after and on the carving out of said right of way therefrom, was equal to or greater than it was immediately before the taking of said right of way," then no damages should be awarded; but if they found the value of the tract to be less with the right of way taken than it was before, the difference would be the true measure of damages.

The rule of compensation for right of way here laid down is clearly erroneous. It not only states the law incorrectly, but seems to have been given without much, if any, regard to the evidence which the jury were to consider. For instance, there was no evidence whatever tending to show that the land, after the condemnation for right of way, "was equal to or greater than it was immediately before," so that it was impossible for the jury to so find, and their minds ought not to have been incumbered, if not confused, by a question not properly before them. But even if there had been evidence of the character implied by this portion of the charge, still the owner of the land would have been entitled to damages equal to the value of the portion appropriated to the purposes of the road. It is

true that this particular part of the judge's charge could not have prejudiced the railroad company if properly understood by the jury, and if the instruction to return no damages in a certain contingency were the only fault, the verdict would not be disturbed at the instance of the present plaintiff in error.

As before stated the charge was in general terms. It failed almost entirely to instruct the jurors as to their duties under the law. It is true they were told to find the respective values of the land before and after the condemnation, but there was no allusion whatever to the proper mode of doing so, which, in view of certain testimony before them, we consider a very important omission. As to the value before the right of way was taken, doubtless the jury would have had no difficulty in reaching a just result without any instruction at all, but not so as to the subsequent value. This, in the estimation of the witnesses for the defendant in error, was lessened by the location of the road from three to eight dollars per acre. But, as clearly brought out by the cross-examination of these witnesses, this depreciation was caused chiefly by merely speculative considerations which had no proper place in the estimate, and which ought to have been excluded from the jury. For instance, the cross-examination disclosed that, aside from the value of the land taken for the right of way, which was about ten acres, and worth, according to the very highest estimate, not to exceed twenty dollars per acre, the chief ingredient of damages were the supposed inadequacy of a certain culvert, in case of unusually high water, whereby a portion of the land might be flooded; the liability of stock to be killed by getting upon the track; the possibility of destruction of property by fires started by passing trains; and the inconvenience of being compelled to go an unreasonable distance in getting from

one portion of the farm to the other, there being but a single track crossing, and that perhaps not very conveniently located, according to the testimony of some of the principal witnesses.

The damages based upon the supposed insufficiency of the culvert, and the possible destruction of property by fire and otherwise through the carelessness of the company's agents in operating the road, were too uncertain and remote to be taken into the estimate, and valuations of the land based in part thereon were entitled to no weight with the jury. *King v. Iowa Midland R. R. Co.*, 34 Iowa, 455. *Lehigh Valley R. R. Co. v. Lazarus*, 28 Penn. St., 203. *Patton v. N. C. R. R. Co.*, 33 Id., 426. *Fleming v. C. D. & M. R. R. Co.*, 34 Ia., 353. Damages to be paid by the company upon the condemnation do not cover those caused by injuries resulting from negligence or unskillfulness in either the construction or operation of the road. *Delaware, Lackawanna & Western R. R. Co. v. Salman*, 23 Am. Repts., 214, 10 Vroom, 299. And even if they were in fact included in the assessment, their payment would be no bar to future actions brought for such injuries. The damages for which the law provides, and proper to be included in the assessment for right of way, are simply those which it can be said with reasonable certainty the owner of the land will sustain by reason of its appropriation; in other words such damages as are necessarily incident to the proper construction and careful management of the road, leaving injuries resulting from negligence to be compensated for by action whenever they occur. Id.

In submitting such assessments to the decision of juries it is of the utmost importance that they be given clearly to understand the rules by which they must be governed in making them. And they should be plainly told by the judge what elements of damage the partic-

ular case presents, and which are proper to be considered in fixing the amount to be returned by their verdict. To say to the jury merely, that they are to allow the difference between the value of the land before the road was laid through it, and its value afterwards, is little if any better than no instruction at all, for they are left practically without guide, and to uncertain conjecture as to the elements affecting the subsequent value.

As before stated, the owner of the land is entitled to recover, in any event, as one item of damage, the fair value of the portion actually taken. *Wagner v. Gage County*, 3 Neb., 237. And in addition to this, he should have allowed to him a reasonable compensation for whatever damage the evidence shows must necessarily be done to the residue of the tract from the proper construction and future careful operation of the road. Where the evidence shows that the landowner will be specially benefited by the location of the road, such benefit may go to reduce the damages to the residue of the land, but cannot be set off against the value of the part actually taken. But those benefits which are common, and shared in by others as well, cannot be considered to reduce his damages.

The practice indulged in on the trial of this and other cases, of taking the opinion of witnesses as to the value of the land, subject to the location of the road over it, ought not to be permitted. A strong objection to it lies in the fact that, indirectly, the damages are assessed by the witnesses, instead of the jury, whose duty it is, and most likely on an improper basis. It is doubtless a proper course to take the opinion of experts as to the value before it is affected by the location of the road. This done, the testimony on the question of damages should be confined to those matters affecting the value, proper to be considered, leav-

ing the jury to draw their own inferences therefrom, unaffected by the judgment of others.

For these reasons the judgment must be reversed, and a new trial awarded.

·REVERSED AND REMANDED.