CHICAGO, KANSAS & NEBRASKA R. R. CO., PLAINTIFF IN ERROR, V. J. G. WIEBE, DEFENDANT IN ERROR.

1. **Error without Prejudice.** Where evidence is introduced without objection to prove certain facts, a party cannot predicate error thereon ; and the same rule will apply if a party excepts to the introduction of certain evidence, and afterwards introduces the evidence objected to, or that of a like character.

2. **An Instruction** in a party's favor is not ground for reversing a judgment against him.

3 **Railroads:** DAMAGES FOR RIGHT OF WAY. In an appeal from the award of damages sustained by a land owner from the location of a railway across his land, he is entitled to full compensation for the land actually taken, and for such damages to the residue of the land as are equivalent to the diminution in value thereof—general benefits not to be considered.

4. **Instructions** set out in the opinion, *Held*, To be substantially correct.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*Hazlett & Bates* and *Stephen S. Brown*, for plaintiff in error, cited : *B. & M. R. R. Co. v. Schluntz*, 14 Neb., 421–424. *Republican Valley R. R. Co. v. Fellers*, 16 Neb., 169–172. *Eaton v. B., C. & M. R. R.*, 51 N. H., 504. *City of Chicago v. Union Building Association*, 102 Ill., 379. *City of East St. Louis v. O'Flynn*, 119 Ill., 200. *I., B. & W. R. Co. v. Eberle*, 110 Ind., 542. *Winterbottom v Earl of Derby*, 36 L. J. Ex., 194. *Regina v. Metropolitan Board*, L. R., 4 Q. B., 358.

*Griggs & Rinaker*, for defendant in error, cited : *Sioux City & Pacific R. R. Co. v. Weimer*, 16 Neb., 272. *Gottschalk v. C., B. & Q. R. R.*, 14 Neb., 550.

MAXWELL, J.

In August, 1886, the defendant in error was possessed of a strip of land west of Third St., in the city of Beatrice. This strip was about 1,000 feet in length, and from 126 to 166 feet in width, there being some controversy as to the exact width. This strip, for 558 feet south from the north line, was enclosed with a fence at the date in question, and the defendant in error had in such enclosure a lumber yard, dwelling-house, etc. At the time mentioned, plaintiff instituted proceedings to condemn the right of way across said strip south of the inclosure. The commissioners appointed, after an examination of the property, allowed the defendant in error $2,407. The railway company appealed to the district court, where, on the trial, a verdict was returned for the sum of $2,418.11, with interest from November 24, 1886, amounting in all to $2,584.13. A motion for a new trial having been overruled, judgment was entered on the verdict.

A number of objections are made to the introduction of certain evidence, but an examination of the transcript shows that nearly all such evidence was introduced without objection, and that evidence similar to that objected to was introduced by the plaintiff in error. The alleged errors, therefore, cannot be considered.

The testimony of the defendant in error, and also that of the plaintiff in error, tends to show that the defendant in error sustained a large amount of damages by reason of the location and construction of the road in question, and the verdict being within the values as proved, it will not be disturbed on the ground that the evidence is insufficient. In addition to the evidence preserved in the bill of exceptions which was presented to the jury, the court permitted the jury to view the premises in controversy, and see for themselves the injury occasioned to the defendant in error by the location of the road across his land. A plat accom-

panying the bill of exceptions shows that the railway is located on a line running north-east and south-west, near the middle of that portion of the tract which is south of the inclosure heretofore spoken of.

The railway company contends that the court erred in giving and refusing certain instructions. The objections will be noticed in their order. The court, at the request of the plaintiff below, instructed the jury, "that in esti-mating the damages occasioned by the construction of defendant's road through plaintiff's premises, they are not to be limited to damages done to said premises south of the fence running east and west across the same and near the middle thereof, but if they believe from the evi-dence in this case that said premises north of said fence were also damaged by the construction of said road through said premises, they must consider, in fixing the amount of plaintiff's recovery, all damages occasioned by the said construction of said road to plaintiff's entire premises."

The testimony shows that this land of the defendant in error was not laid off into lots and blocks, the north 558 feet being inclosed. Had there been no inclosure, it can-not be questioned that the defendant in error would have been entitled to damages for the entire tract, if such dam-ages were proved. There was testimony tending to show that the location and construction of the road would de-preciate the value of the entire premises. This testimony was proper to submit to the jury. The court in effect said to the jury that, if they believed from the evidence that the premises north of the fence were damaged by the construction of the road through said land, that they might allow for such damages. This we think is a correct state-ment of the law.

Objection is also made to the third instruction given at the request of the plaintiff below, which is as follows: "The court instructs the jury, that although they may find from the evidence in this case that all property in the

vicinity of plaintiff's premises through which defendant's road runs experienced a general increase in value by reason of the construction of defendant's road, and that plaintiff's premises shared in such general increase, still they must not deduct such increase in the value of plaintiff's premises from the damages done to said premises by the construction of defendant's road through them, nor are they permitted to consider said increased value of said premises for the purpose of reducing plaintiff's damages."

This instruction was correct. All the cases seem to concur in excluding mere general and public benefits, which the owner of the land shares in common with the rest of the inhabitants of the vicinity. *Wagner v. Gage Co.*, 3 Neb., 242. *Schaller v. Omaha*, 23 Neb., 325.

Objection is made to the fifth instruction given at the request of the plaintiff below, which is as follows: "The court instructs the jury that, in estimating plaintiff's damages, they should consider how the taking of plaintiff's land affects the tract, considering the tract as a whole and just as it was, with all conveniences and franchises which the evidence shows it to have had at the time when the land in question was appropriated."

Just what is meant by the word "franchises" is not very clear. The remainder of the instruction seems to be unobjectionable, and we are unable to see that the word "franchises" could in any event prejudice the plaintiff in error. We do not see that the jury could have been misled by the use of the word.

The court also instructed the jury generally upon the questions before them, as follows: "1. The thing for you to determine in this case is the amount of damages plaintiff has sustained by reason of the defendant's appropriation of its railroad right of way over the plaintiff's premises and the proper construction and operation of such railroad.

"2. This damage consists of two elements, namely:
35

1st, the value of the land actually taken; and 2d, the damage, if any, to the part of the plaintiff's premises not taken.    You should ascertain the value of the part of plaintiff's premises actually taken, and allow. that.    Then you should determine whether the part taken has been damaged, if you find that a part or parts of the plaintiff's premises through which the railroad right of way was appropriated by defendant has been damaged by the appropriation, you should ascertain the amount of such damages to the part or parts not taken, and add the same to the value of the part taken, and if that sum is equal to the amount of the assessment of damages in the proceedings in the county court, then you should add interest at 7 per cent per annum from the time of the condemnation, which was August 23d; but if you do not find the amount of the damages to be as much as contained in said assessment below, then you should not add any interest.    The damages to the part or parts of the premises not actually taken are to be arrived at without deduction for general benefits to the premises by reason of the building of the railroad, such as are common to and shared in by other lands in that locality that are not damaged, because it would not be just to deprive this plaintiff, whose land is crossed by the railroad, of such general benefits which his neighbors, whose lands are not taken, get free of charge.

"3.    Inasmuch as considerable has been said about the street crossing over the said railroad where it crosses Third street, it is deemed useful to instruct you that the railroad is bound to build and maintain a good and sufficient crossing and approaches over their said railroad, and to conform as near as practicable to grade of said street.    If they fail to do so, or have failed to do so, a separate and another action will lie because of such failure, but the same is not a part of this action, whose basis, cause, and foundation are fully and sufficiently stated above in these instructions. If by reason of the railroad crossing said Third street,

the plaintiff has been deprived of a public right which he has enjoyed in connection with his premises, and in consequence thereof he sustains damages in excess of that shared by the public generally, he can, in another action, recover for such excess, but not in this action, which is only for the damages to plaintiff's premises by reason of the defendant's appropriation of its right of way through the plaintiff's premises and the proper construction and operation of such railroad, all of which is more particularly stated above."

Objection is made to the first of these instructions, because it is too indefinite, but it does not appear to be open to that objection. The second seems to be unobjectionable, while the third is favorable to the plaintiff in error.

In assessing damages to a land owner for a right of way located over his land for a railroad, he is entitled to all the damages which he will sustain by reason of the location, proper construction, and careful operation of the road across the same. *F., E. & M. V. R. Co. v. Whalen*, 11 Neb., 585. All such damages, therefore, must be determined in the condemnation proceedings, or they cannot be recovered. But it cannot be assumed in advance that a railway will be improperly constructed, or carelessly operated, or, if so, what damages would result from such causes, hence they cannot be considered in the condemnation proceedings; but a cause of action arises in favor of the party when he sustains an injury from the improper construction of the road, or its negligent operation. The instruction complained of, therefore, withdrew from the jury matters in regard to the tract in question which would have been proper for them to consider as affecting its value. The claim here is not for damages to detached real estate, wholly separate from the tract affected by the condemnation proceedings, as it joins to the tract affected and is one of the conveniences which give it value. The instruction, therefore, was in favor of the plaintiff in error.

The railway company asked the court to give the following instructions, which were refused:

"In assessing the damages in this case the jury will not take into consideration any trouble, expense, or inconvenience caused plaintiff in passing along Third street, between his lumber yard and the B. & M. switch, by any change in the grade of said street made by defendant in the construction of its railroad across said street, nor any other damage which they may believe was caused by such change of grade."

"The jury will take into consideration only such damages as result to plaintiff's land by the taking and appropriating of a portion thereof for the purpose of the construction, maintenance, and operation of a railroad thereon, and not such damages as may be sustained by plaintiff in common with other persons in the community, no portion of whose lands are taken for the construction, maintenance, or operation of plaintiff's road."

It will be observed that the first part of the first of said proposed instructions had already been given, and that the latter part, "Nor any other damages which they may believe was caused by such change of grade," is entirely too vague and indefinite, and was calculated to mislead the jury. The court, therefore, did not err in refusing the first of said proposed instructions.

The second instruction asked is open to the same objections as the other, and in addition to this, there is no testimony as to the damages sustained by other parties from the causes alleged. The court did not err, therefore, in refusing the second instruction asked.

The law relating to damages for right of way should be so construed as to do justice between the parties. A railway company has an almost unlimited right in locating its lines; the land owner has but little choice in the matter, as the statute authorizes a corporation formed under the laws of the state to "take, hold, and appropriate so much

real estate as may be necessary for the location, construction, and convenient use of its road." Comp. Stat., Sec. 81, Ch. 16. Therefore, if it is necessary in the location of a railroad to cross a farm or a plot of ground in such a way as to mar its beauty or greatly diminish its value, the land owner must submit, because the public good requires that he shall do so. The law, however, guarantees him just compensation for his property taken or damaged. Now, when is a party justly compensated for injuries sustained? The answer must be, only when he has been fully paid for such injuries.

In *Schaller v. Omaha*, 23 Neb., 332, it was held that the words "just compensation for property damaged" were just as broad in signification as where the property was taken. It is said, a "different rule injects words into the constitution which are not found there, and puts a forced construction upon its language." In that opinion the history of the amendment is given from the writer's personal knowledge of the subject. The amendment was not copied from any other constitution, but was inserted to secure justice, and this court will endeavor so to construe it as to give to every one his just rights. The measure of damages, therefore, as stated by the court in its instructions, appears to be correct, and as two juries of the county, from personal inspection of the premises, have returned verdicts for nearly the same amounts, we must presume from these facts, as well as from the evidence before us, that the verdict is correct.

There is no material error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.