CITY OF OMAHA V. HOWELL LUMBER CO.

[FILED OCTOBER 28, 1890.]

Municipal Corporations: EMINENT DOMAIN: DAMAGES: SPECIAL BENEFITS NOT DEDUCTED.   Where land is condemned for public use, as for opening a street, the owner is entitled to the fair market value of the land actually taken, and special benefits to the residue of the tract cannot be set off against such value, but may be against incidental damages to the residue of the tract.

ERROR to the district court for Douglas county.   Tried below before DOANE, J.

A. J. Poppleton, for plaintiff in error, after contending that the doctrine of *Wagner v. Gage County* and *Schaller v. Omaha* was intended to establish a rule of practice, and not a principle of the law of property, cited:   *Com. v. Middlesex,* 9 Mass., 388; *Livermore v. Jamaica,* 23 Vt., 361; *Harvey v. R. Co.,* 47 Pa. St., 428; *Troy & B. R. Co. v. Lee,* 13 Barb. [N. Y.], 169; *In re Furman St.,* 17 Wend. [N. Y.], 649; *Giesy v. R. Co.,* 4 O. St., 330; *Symonds v. Cincinnati,* 14 O., 147; Cooley, Const. Lim. [5th Ed.], 520, 700, 704; 3 Sutherland, Damages, 432–3; 2 Dillon, Mun. Corp. [3d Ed.], 625; *Brown v. Cincinnati,* 14 O., 541; *Com'rs v. O'Sullivan,* 17 Kan., 58; *A., T. &*

*S. F. R. Co. v. Blackshire,* 10 Id., 477; *Winona R. Co. v. Waldron,* 11 Minn., 392; *Nicholson v. R. Co.,* 22 Conn., 74; *Nichols v. Bridgeport,* Id., 189; *Wyandotte, etc., R. Co. v. Waldo,* 70 Mo., 629; *Pacific R. Co. v. Chrystal,* 25 Id., 544; *Newby v. Platte Co.,* Id., 258; *Lee v. R. Co.,* 55 Id., 178; *Quincy, M. & P. R. Co. v. Ridge,* 57 Id., 600; *Meacham v. R. Co.,* 4 Cush. [Mass.], 293; *Park v. Hampden,* 120 Mass., 395; *Dwight v. Co. Com'rs,* 11 Cush. [Mass.], 201; *Whitman v. R. Co.,* 3 Allen [Mass.], 133; *Upton v. R. Co.,* 8 Cush. [Mass.], 600; *Green v. Fall River,* 113 Mass., 262; *Allen v. Charlestown,* 109 Id., 243; *Pitts. R. Co. v. Bentley,* 88 Pa. St., 178; *Cummings v. Williamsport,* 84 Id., 472; *East Brandywine & W. R. v. Ranck,* 78 Id., 454; *Shenango, etc., R. Co. v. Braham,* 79 Id., 447; *Schuylkill Nav. Co. v. Thoburn,* 7 S. & R. [Pa.], 411; *Penn. R. Co. v. Heister,* 8 Pa. St., 450; *Searle v. R. Co.,* 9 Casey [Pa.], 57; *Patten v. R. Co.,* Id., 426; *Watson v. R. Co.,* 1 Wright [Pa.], 469; *E. Penn. R. Co. v. Hottensteine,* 11 Id., 28; *Hornstein v. R. Co.,* 1 Smith [Pa.], 87; *S. F. A. & S. R. Co. v. Caldwell,* 31 Cal., 367; *Holton v. Milwaukee,* 31 Wis., 27; *Bigelow v. R. Co.,* 27 Id., 478; *Trinity Col. v. Hartford,* 32 Conn., 452.

*Congdon & Hunt, contra,* cited: *F., E. & M. V. R. Co. v. Whalen,* 11 Neb., 585; *Schaller v. Omaha,* 23 Id., 325; *Blakeley v. R. Co.* 25 Id., 207; *Com. v. R. Co.,* 58 Pa. St., 26; *Isom v. R. Co.,* 36 Miss., 300; *Woodfolk v. R. Co.,* 2 Swan [Tenn.], 422; *Penn. R. Co. v. B. & O. R. Co.,* 60 Md., 263; *Memphis v. Bolton,* 9 Heisk. [Tenn.], 508; *P. & M. R. Co. v. Stovall,* 12 Id., 1; *Brown v. Beatty,* 34 Miss., 227; *Com'rs v. Harkelroads,* 62 Id., 807; *Jacob v. Louisville,* 9 Dana [Ky.], 81; *H. & N. R. Co. v. Dickerson,* 17 B. Mon. [Ky.], 173; *L. & N. R. Co. v. Thompson,* 18 Id., 735; *L. & N. R. Co. v. Glazebrook,* 1 Bush [Ky.], 325; *Tide Water Canal Co. v. Archer,* 9 G. & J. [Md.], 479; *Shipley v. R. Co.,* 34 Md., 336; *R. Co. v. Tyree,* 7 W. Va.,

693; *R. Co. v. Lagarde*, 10 La. Ann., 150; *R. Co. v. Calderwood*, 15 Id., 481; *R. Co. v. Gay*, 31 Id., 430; *R. Co. v. Dillard*, 35 Id., 1045; *R. Co. v. Ferris*, 26 Tex., 588; *Tate v. Mathews*, 16 Id., 112; *Paris v. Mason*, 37 Id., 447; *T. & St. L. R. Co. v. Mathews*, 60 Id., 215; *Jones v. R. Co.*, 30 Ga., 43; *Savannah v. Hartridge*, 37 Id., 113; *Augusta v. Marks*, 50 Id., 612; *West Shore R. Co. v. Bell*, 24 Hun [N. Y.], 427; *State v. Beackmo*, 8 Blackf. [Ind.], 246; *Butler v. Sewer Com.*, 39 N. J. Eq., 665; *Carpenter v. Jennings*, 77 Ill., 250; *Todd v. R. Co.*, 78 Id., 530; *Hyslop v. Finch*, 99 Id., 171; *Scott v. Toledo*, 36 Fed. Rep., 385; *A. & F. R. Co. v. Burkett*, 42 Ala., 83.

MAXWELL, J.

The city of Omaha extended Leavenworth street from block 187 to the Missouri river, and in doing so condemned a portion of the defendant in error's land. Appraisers were duly appointed, who estimated the damages and made an award. An appeal was taken to the district court, where the jury returned a verdict as follows:

"We, the jury duly impaneled and sworn to try the issues in the above entitled case, do find that the market value of the strip in controversy, at the time of the condemnation proceedings, was $8,625.

"We do further find that the special benefits to the remaining land of the Howell Lumber Company, through the opening of Leavenworth street, amounted to the sum of $5,000."

A motion for a new trial having been overruled, judgment was entered on the verdict excluding the special benefits.

The sole question presented is, Can special benefits be set off against the value of the land actually taken? This question was carefully considered in *Wagner v. Gage County* 3 Neb., 237. In that case about six and three-fourths acres of plaintiff's land were taken for a public

road. The case was tried before Judge GANTT, who, in effect, instructed the jury that they might set off special benefits against the value of the land actually taken. The jury thereupon returned a verdict finding that there were no damages to the land-owner.

This court, after a very careful consideration of the decisions and the rule which should be adopted in such cases, held that the value of the land taken must, in all cases, be paid in money, but that special benefits may be set off against incidental damages to the residue of the tract. That case was followed in the *F., E. & M. V. R. Co. v. Whalen*, 11 Neb., 585. In the latter case, Judge LAKE, who wrote the opinion, and prepared the syllabus, says: ".Where land is condemned for railroad purposes, the owner is entitled to have as one item of damage, in all cases, the fair market value of the part actually taken." This case was followed in *Schaller v. City of Omaha*, 23 Neb., 325. In that case, after referring to *Wagner v. Gage County*, it is said in the published opinion, "that decision has become the rule of practice in this state." The word "practice" was originally written "property," but by mistake was changed to "practice" and the change overlooked.

In *Blakeley v. C., K. & N. Ry.*, 25 Neb., 207, the rule of *Wagner v. Gage County* was adhered to and must be regarded as the settled law of this state.

It is true there are many decisions holding that special benefits may be set off against the value of the property taken. Almost invariably, such benefits are largely speculative and are such as are shared by the public at large. We must remember that it is not the property owner who is desiring the improvement. It is sought to be made on behalf of the public, and it would seem but justice that the party at whose instance, and for whose benefit the improvement was made, should bear the burden. The property owner may well say: "I do not desire the improvement made, as it will interfere materially with the business that

I am carrying on there, or will cause me great expense to adapt the property to the changed condition." The property owner may be indebted thereon, and finds that he cannot apply special benefits in the payment of the debt.

No doubt there are cases where the property owner is benefited very greatly by the public improvement, and this, perhaps, may be one of that kind. No general law can be so applied as to do exact justice in every case, but the rule that property actually taken for public use shall be paid for in money, is based upon justice, and is less liable to abuse, wrong, and oppression than the one that makes speculative or imaginary benefits a legal tender for property which a party has been forced to convey or is taken under the forms of law.

The judgment of the district court is

AFFIRMED.

THE other judges concur.

