## JAMES F. MARTIN v. FILLMORE COUNTY.

### FILED APRIL 5, 1895.    No. 6195.

| 44 | 719 |
|----|-----|
| 47 | 39 |
| 47 | 164 |
| 47 | 200 |
| 47 | 396 |
| 47 | 847 |
| 48 | 163 |

| 44 | 719 |
|----|-----|
| 53 | 569 |
| 54 | 506 |

1. **Bill of Exceptions:** AUTHENTICATION OF DOCUMENTS. In order to authenticate a document attached to a record as the bill of exceptions settled in the district court there must be a certificate of the clerk of the court to that effect. *Moore v. Waterman,* 40 Neb., 498, followed.

2. ————: AUTHORITY OF CLERK TO SIGN: STIPULATION. The mere stipulation of counsel that the clerk of the court may sign and allow a bill of exceptions is not sufficient to confer authority upon him to do so. In order to confer such authority it must appear that the judge is dead ; that he is prevented by sickness or absence from signing and allowing the bill; or the parties or their counsel must agree upon the bill of exceptions and attach thereto their written stipulation to that effect. *Scott v. Spencer,* 42 Neb., 632, followed.

3. **Eminent Domain:** COUNTIES: DRAINAGE: DAMAGES. Where land is appropriated for public use the owner thereof is entitled to recover the value of the land appropriated without any deduction for benefits. In addition thereto he should recover any damages sustained by that portion of the land not appropriated and. as against the latter item, special benefits but not general benefits may be set off. *( Wagner v. Gage County,* 3 Neb., 237.)

4. ————: ————: ————: ————. The foregoing is a rule interpreting that clause of the constitution providing that the property of no person shall be taken or damaged for public use without just compensation therefor, and it is beyond the power of the legislature to change the rule.

5. ————: ————: ————: ————. To constitute an appropriation of land it is not necessary that the owner be deprived of the fee. Land is appropriated when it is so taken as to deprive the owner of the use thereof. It is only when the owner is not deprived of the occupancy of the land, but merely suffers an incidental damage thereto because of the proximity of the improvement, that benefits may be set off against such damage.

6. ————: ————: ————: ————: PLEADING. Therefore, where the petition alleged that a county ditch had been constructed through and across the plaintiff's land and the answer admitted that fact, no payment being pleaded, a verdict allowing the plaintiff no damages is contrary to law.

ERROR from the district court of Fillmore county.    Tried
below before HASTINGS, J.

*J. D. Hamilton* and *John D. Carson,* for plaintiff in
error.

*Charles H. Sloan, contra.*

IRVINE, C.·

The plaintiff in error was plaintiff in the district court
and alleged in his petition, in brief, that he was the owner
of certain land in Fillmore county; that a petition in due
form had been filed with the board of supervisors praying
that a county ditch be constructed, in its course crossing the
plaintiff's land; that no sufficient notice was given of the
filing and pendency of such petition, but without such no-
tice the prayer of the petitioners was granted; that the
plaintiff had no notice of such proceedings; that the ditch
was constructed across his land; that he filed a claim of
damages before the board of supervisors, which was allowed ·
to the extent of $50; that this proceeding was an appeal
from the order making such allowance; that his land was
damaged to the amount of $1,000, for which sum he prayed
judgment.    The petition had attached thereto as exhibits
certified copies of the ·proceedings of the supervisors con-
cerning said ditch.    The county answered denying all alle-
gations not specifically admitted, then alleging affirmatively
that the ditch ran through the plaintiff's land, and while it
caused some damage the benefits therefrom to said land ex-
ceeded the damage, and that the plaintiff was therefore en-
titled to recover nothing.    The answer further alleged that
due notice had been given, and that the plaintiff neglected
to file his claim within the time provided by law.    There
was a trial to a jury and a verdict for the defendant, on
which judgment was entered, and the plaintiff prosecutes
error.

It is urged that the verdict is not sustained by sufficient evidence, and one other assignment relates to a matter occurring on the trial. There is attached to the transcript what purports to be a bill of exceptions, but there nowhere appears any certificate of the clerk authenticating this document as the original, or as a copy of the bill. Such a certificate is necessary for the authentication of the record. (Code Civil Procedure, sec. 587b; *Moore v. Waterman*, 40 Neb., 498.) Furthermore, what purports to be a bill of exceptions purports also to be settled by the clerk of the court under a stipulation precisely similar to that set out in the opinion in *Scott v. Spencer*, 42 Neb., 632. It was in that case held that the mere stipulation of counsel that the clerk of the court may sign and allow a bill of exceptions is not sufficient to confer authority on him to do so. To confer such authority it must appear either that the judge is dead; that he is prevented either by sickness or absence from his district from signing and allowing the bill; or the parties or their counsel must agree upon the bill and attach thereto their written stipulation to that effect. A stipulation that the clerk may settle the bill without a stipulation that the bill submitted is agreed to is insufficient to confer authority upon the clerk in the premises. We cannot, therefore, examine either of the assignments of error referred to.

Error is assigned upon the giving of instructions 8, 9, 10, 11, and 12. The language of the assignment is the same as in *Hiatt v. Kinkaid*, 40 Neb., 178. The twelfth instruction states the familiar rule that in such cases general benefits may not be set off against damages sustained. This instruction was undoubtedly correct. (*Schaller v. City of Omaha*, 23 Neb., 325.) This instruction being correct the whole assignment must be overruled.

Another assignment is to the giving of instruction No. 2 asked by the defendant. The record contains an instruction numbered 2, but it does not appear whether it was

given by the court of its own motion or at the request of
one of the parties. The record also shows that the in-
struction was modified and only a portion thereof given,
and we cannot ascertain how much was given. Error,
therefore, does not appear in this respect.

While we are thus precluded from examining many of
the questions presented, we still think that the judgment
must be reversed. One assignment is that the verdict is
contrary to law. The petition alleges and the answer ex-
pressly admits that the ditch was constructed through and
across the plaintiff's land. The verdict was absolute for
the defendant. Under no possible state of the evidence
could this verdict be right. The court instructed the jury,
and we must presume correctly, that no proceedings had
been taken which would preclude the plaintiff from main-
taining his action. Payment of compensation was not
pleaded. The plaintiff was, therefore, entitled as one item
of damages to recover the value of the land actually ap-
propriated for the construction of the ditch. Against this
item of damages no benefits could be set off. In addition
thereto he was entitled to recover any damages sustained
by the land not appropriated, and as against the latter item
special benefits, but not general benefits, might be set off,
provided that the use for which the appropriation was
made was a public use and within the power of eminent
domain,—a question not here raised and not decided.
(*Wagner v. Gage County*, 3 Neb., 237; *Fremont, E. & M.
V. R. Co. v. Whalen*, 11 Neb., 585; *Chicago, K. & N. R.
Co. v. Wiebe*, 25 Neb., 542; *City of Omaha v. Howell Lum-
ber Co.*, 30 Neb., 633.) The foregoing is a rule interpreting
that clause of the constitution providing that the property
of no person shall be taken or damaged for public use with-
out just compensation therefor. Whether the act providing
for the construction of such ditches (Comp. Stats., ch. 89)
contemplates an assessment of damages in accordance with
this rule is immaterial to the case. It is beyond the power

Martin v. Fillmore County.

of the legislature to change it.    The district court seems
to have proceeded upon the theory that no land was actu-
ally appropriated, but this is contrary to the pleadings.    To
constitute an appropriation of land it is not necessary that
the owner be divested of the fee.    Land is appropriated
when its *corpus* is seized and devoted to the improvement
so as to deprive the owner of the use of the land.    The
nature of the estate in the land which is appropriated may
possibly affect the amount of recovery, but does not affect
the right to recover.    It is only when the owner is not de-
prived of the occupancy of the land, but merely suffers an
incidental damage thereto owing to the proximity of the
improvement, that benefits may be set off against such
damage.    Wherever the owner by the seizure of his land
is deprived of the occupancy thereof he is entitled to re-
cover absolutely the value of the land so taken or of
such estate therein as is appropriated.    The ditch could not
have been constructed across plaintiff's land without an
appropriation of some part thereof and under the plead-
ings, therefore, the plaintiff was entitled to a verdict in
some amount.

Counsel attempt, in their briefs, to draw a distinction
between the measure of damages in the case of condemna-
tion proceedings and in a case where the county has en-
tered without instituting any such proceedings.    As the
case must be remanded for a new trial it may be well to
say that we do not conceive this distinction to be well
founded.    The rule of damages, as above stated, applies to
every case of the appropriation or damage of property for
public use without regard to the nature of the proceedings
in which recovery is sought.

REVERSED AND REMANDED.