ARCHIBALD BOLAR, PLAINTIFF IN ERROR, V. FREDERICK WILLIAMS, DEFENDANT IN ERROR.

1. **Damage to Animals.** In an action for the value of a colt alleged to have been injured by the defendant, the only evidence to sustain the action was a threat of the defendant to shoot the plaintiff's stock if he did not keep it at home, and the fact that the injured animal was found on the defendant's premises.   The jury having found for the defendant, *Held*, That as there was no testimony tending to show that the defendant committed the injury, the verdict would not be set aside.

Bolar v. Williams.

2. **Trial:** STATEMENT OF ATTORNEY. On the trial of a cause in the district court, appealed from a justice of the peace, the attorneys in the case have no right to state to the jury what the verdict was before the justice.

3. **New Trial.** As a general rule newly discovered evidence which is merely cumulative is not cause for a new trial.

ERROR to the district court for Lancaster county.

*L. C. Burr*, for plaintiff in error.

*Brown & Ryan Bros.*, for defendant in error.

MAXWELL, J.

This is an action to recover the value of a colt belonging to the plaintiff, which it is alleged in the petition was injured by the defendant so severely as to cause its death. The answer is a general denial. On the trial of the cause a verdict was returned in favor of the defendant, and the action dismissed.

The principal objection in this court is that the verdict is against the weight of evidence. The plaintiff and defendant are farmers residing about three-fourths of a mile from each other, near Crounse, in Lancaster county. In January, 1881, the colt in controversy was between nine and ten months old, and seems to have been permitted to run at large. The injury was alleged to have been committed on the forenoon of the 23d of January, 1881. At about 8 or 9 o'clock on the morning of that day Anthony Rump, who resides but a few rods from the defendant's residence, found the colt in question in his stable. In his testimony he states: "It was lying down; I had two colts in there. It was lying across the halter rope of one of my colts. I unloosed the halter, and it then ran out."

On the cross-examination he testified: "I went to the stable and found this colt there, not in the position a horse

ought to be." He also testifies that the colt went from his place to the defendant's. It also appears that he was the owner of a ferocious dog, and that when the colt was turned out of the witness's stable the dog pursued it to the residence of the defendant. Between 9 and 10 o'clock in the forenoon of the same day that Rump had turned the colt out of his stable the defendant went to the residence of the plaintiff and informed him that his colt had been badly injured. The injuries were found to be three or four deep gashes on the left shoulder, of which the colt died on or about the 25th of that month. The only ground of suspicion against the defendant is that he had threatened to shoot the plaintiff's stock if he did not keep it at home, and the fact that the injured animal was found on the defendant's premises. The defendant admits making the threats complained of, but states that they were made under great provocation, and without any intention of carrying the same into effect—that the plaintiff permitted about forty of his hogs to run in defendant's corn for a considerable time during November and December, 1880, and that he had threatened to shoot said hogs. Whatever the facts may be as to the threats, the plaintiff failed to produce any testimony tending to show that the defendant committed the injury, while he swears positively that he did not commit the same, and in this he is corroborated by one Johnson, a hired hand, and Johnson's wife. This being the condition of the testimony, it was properly submitted to the jury, and in our opinion the verdict is in accordance with the clear weight of evidence. It also appears from the affidavit of the plaintiff's attorney that while he was making a statement of facts to the jury he stated to them that "the case had been tried to a jury before a justice of the peace, and had brought in a verdict in favor of the plaintiff. Thereupon the court said to affiant in the presence and hearing of the jury in this case that when counsel for plaintiff makes such statement to the jury it

did, and the court would expect the same to prejudice the plaintiff's case."

This is assigned for error. No exception was taken, and therefore the alleged error cannot be considered. But it is evident that the attorney was guilty of a gross breach of propriety in making such statements to the jury. An appeal would be of but little value if the decision was to be controlled in the slightest degree by the action of the jury on a former trial. The cause is to be tried upon the evidence introduced on the trial and on that alone, and any attempt of a party or attorney to state facts outside of such evidence for the purpose of influencing the action of the jury should be promptly disapproved by the court. And we are not prepared to say that the reprimand in this case was too severe. Certain affidavits are filed also for the purpose of showing newly discovered evidence, but it appears that the evidence is merely cumulative, and is not ground for a new trial.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.