N. B. BERGGREN, PLAINTIFF IN ERROR, v. FREMONT, ELKHORN AND MISSOURI VALLEY RAILROAD COMPANY, DEFENDANTS IN ERROR.

1. **Railroads:** EMINENT DOMAIN: AWARD: INTEREST. A railway company condemned certain real estate, and deposited the amount of the award with the county judge, and afterwards took an appeal from such award to the district court. After the case had been pending in the district court for more than a year, it filed a motion to dismiss the appeal, which motion was sustained. *Held*, That the motion to dismiss the appeal is equivalent to an admission of the correctness of the award, and as the company, by the appeal, has deprived the land-owner of the use of the money, he is entitled to interest on the award.

2. ———: ———: APPEAL: PRACTICE. When a railway company appeals from an award of damages for real estate condemned for right of way, and becomes satisfied of the correctness of the award, and, therefore, does not desire to prosecute such appeal, the proper motion is to affirm the award, as such motion, if sustained, will carry interest and costs.

ERROR to the district court for Saunders county. Tried below before. MARSHALL, J.

· *J. R. Gilkeson,* for plaintiff in error, cited: *S. C. & P. R. R. Co. v. Brown,* 13 Neb., 320. *R. V. R. R. Co. v. Fink,* 18 Id., 82. *Shawang v. Love,* 15 Id., 142.

*John B. Hawley* and *Bell & Sornborger,* for defendant in error, cited: *Latham's Appeal,* 9 Wall., 145. *Bacon v. Lawrence,* 26 Ill., 53. *Goodenow v. Perry,* 12 Iowa, 350. *Fall River R. R. v. Chase,* 125 Mass., 483.

MAXWELL, J.

In February, 1886, the defendant in error instituted proceedings in the county court of Saunders county, to condemn certain lots in the city of Wahoo, and in April

following an award of damages was made and duly filed in the office of said judge. In May following, the railway company took an appeal from said award, to the district court of that county, and in May, 1887, moved to dismiss the appeal, and in June of that year the motion was sustained and the appeal dismissed.

The question presented to this court is, the right of the railway company to dismiss the appeal.

Under our statute, as it existed at the time of these condemnation proceedings, no bond was required of the party appealing. Comp. Stat., 1885, Ch. 16, Sec. 97. The court, therefore, in determining the question must consider the rights of the parties. The railway company, upon the filing of the award and the depositing of the money, take possession of the land condemned. The money is deposited with the county judge, for the use of the land-owner. If an appeal is taken by the company, upon the assumption that the award is too large, and it afterwards considers that it is not, and seeks to dismiss its appeal, justice demands that it shall pay interest on the award thus made, as it has caused the land-owner to be deprived of the use of said money, and it cannot be permitted to dismiss its appeal without payment of such interest. The proper motion is to affirm the award, and not to dismiss the appeal. This would carry costs and also interest on the award. The court, therefore, erred in sustaining the motion to dismiss the appeal without requiring the company to pay interest on the award.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

COBB, J., concurred.

REESE, CH. J., took no part in the decision.