27   73
37   453

## B. J. ROBBINS v. THE OMAHA & NORTH PLATTE R. R. CO.

[FILED JUNE 27, 1889.]

1. **Railroads**: DAMAGES FOR RIGHT OF WAY: APPEAL: PRACTICE. When a railway company appeals from an award of damages for real estate condemned for right of way, and becomes satisfied of the correctness of the award, and therefore does not desire to prosecute such appeal, the proper motion is to affirm the award, as such motion, if sustained, will carry interest and costs. (*Berggren v. F., E. & M. V. R. R. Co.*, 23 Neb., 620.)

2. ———: ———: ———. Only upon a showing of fraud or undue advantage will such motion be denied.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J..

*J. R. & H. Gilkeson,* for plaintiff in error.

*T. M. Marquett,* and *J. W. Deweese,* for defendant in error, cited: *Berggren v. F., E. & M. V. R. R. Co.,* 23 Neb., 620.

COBB, J.

This cause is brought on error from the district court of Saunders county.

The plaintiff below on September 8, 1886, made application under section 97, chapter 16, Compiled Statutes, 1887, to the county judge of said county to have commissioners appointed to assess the damages the plaintiff in error would sustain by the appropriation of the right of way through the west half of the northeast quarter of section two, township thirteen; the southwest quarter of the southeast quarter and the northwest quarter of the southwest quarter of section thirty-five; and the west half of the southeast quarter of section eight, township fourteen, all in range eight east in said county.

The commissioners appointed by the county court on September 10, 1886, reported to the court on the same day the amount of damages sustained by the plaintiff in error at $650. Thereupon the plaintiff below gave notice of appeal to the district court, and deposited with the county court the amount of the award, and took possession and appropriated ten and three-hundredths acres of the land for the right of way of the railroad.

On November 9, 1886, the plaintiff below filed a transcript of said proceedings in the district court and perfected its appeal. At the succeeding terms of the district court the cause was set for trial, but was not called for trial until the May term, 1888, when it was reached, and the defendant below being ready with his witnesses for trial the plaintiff below moved the court "to affirm the finding and judgment of the county court and the award of the appraisers appointed by said court," to which the defendant

objected and presented his affidavit that he was ready for trial, and demanded that the cause be set for trial, which was overruled and the award of the county court affirmed for the sum of $727.90.

The following errors are assigned to this ruling of the court :

1. The court erred in sustaining the motion to affirm the award.

2. In overruling the objection to said motion.

3. In overruling the motion to have the cause tried.

After a careful consideration of the argument of counsel for plaintiff in error I am unable to distinguish this case from that of *Berggren v. F., E. & M. V. R. R. Co.*, 23 Neb., 620. In that case the railroad company, having taken an appeal from the award of damages, for the condemnation and taking by it of certain lots in the city of Wahoo, made by the commissioners appointed by the county court, and said appeal having been pending in the district court for one year, moved to dismiss the appeal, which motion was sustained by the court, and the appeal dismissed. Upon error to this court the judgment of the district court was reversed. In the opinion the court says : "If an appeal is taken by the company upon the assumption that the award is too large and it afterwards considers that it is not, and seeks to dismiss its appeal, justice demands that it shall pay interest on the award thus made, as it has caused the land owner to be deprived of the use of said money and it cannot be permitted to dismiss its appeal without payment of such interest. The proper motion is to affirm the award and not to dismiss the appeal. This would carry costs and also interest on the award."

The above opinion was filed on the 14th day of March, 1888, and was followed by the district court in the case at bar. In so doing it ought to be sustained, unless it clearly appears that this court made an erroneous decision and ruling from which it ought to recede. Appeals are creations

of statutes and the practice of courts in appeal cases is generally regulated by statute; but it often happens as in the case above cited, that the omission of the statutory provisions must be supplied by the appellate court. Rules stated for that purpose can only be judged by their tendency to promote justice and fair play or otherwise. Failing to see that the rule laid down in the case above cited and followed by the lower court in the case at bar tends to injustice or unfair dealing, I think that it ought to be adhered to.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.