FREMONT, E. & M. V. R. Co. v. MAHLON MEEKER.

[FILED NOVEMBER 26, 1889.]

1. **Eminent Domain**: DAMAGES : ELEMENTS TO BE CONSIDERED. In assessing damages for right of way for a railway, it is proper to consider the manner in which the road cuts the land, the excavations and embankments, and the exposure of the property to particular injuries from the proximity of the road, which may result from its proper construction and operation. (*M. P. R. R Co. v. Hayes*, 15 Neb., 224.)

2. ———: ———: ———. The land owner is entitled to full compensation for the land actually taken, and for such damages to the residue of the land as are equivalent to the diminution in value thereof, general benefits not considered.

3. ———: APPRAISEMENT : APPEAL : PLEADING. In an appeal to the district court from the award of damages by commissioners, where the only question is the amount of the recovery, new pleadings need not be filed in the district court.

4. **Instructions.** Where instructions are given at the request of a party, he cannot predicate error thereon; nor can error be assigned where no exceptions were taken to the instructions given.

5. **Damages**: QUESTION OF FACT.  Questions relating to damages for right of way are peculiarly of a local nature, and where the jury have been permitted to view the premises affected, and rendered a verdict, the verdict will not be set aside unless it is clearly wrong.

ERROR to the district court for York county.   Tried below before NORVAL, J.

*John B. Hawley*, for plaintiff in error:

Before the company can be held liable under the condemnation act (sec. 97, ch. 16, Comp. Stats.), it must have appropriated some portion of the land to be affected. (*B. & M. R. Co. v. Reinhackle*, 15 Neb., 279; *R. V. R. Co. v. Fellers*, 16 Id., 169; *C., K. & N. R. Co. v. Wiebe*, 25 Id., 542.) If defendant in error has been damaged by reason of the conditions complained of, he must resort to an independent proceeding where the questions can be properly tried. The track occupies no portion of claimant's land, and the company cannot be compelled to take what it does not want and will not use.

*Merton Meeker, contra:*

The embankment and the trench were proper elements to consider in assessing damages. (*Eiseley v. Malchow*, 9 Neb., 180, 181; *F., E. & M. V. R. Co. v. Whalen*, 11 Id., 585; *S. C. & P. R. Co. v. Weimer*, 16 Id., 274; *City of Omaha v. Kramer*, 25 Id., 489; *C., K. & N. R. Co. v. Wiebe*, Id., 542; *Parker v. Boston & M. R. Co.*, 3 Cush. [Mass.], 116, 117; *Little Rock J. R. Co. v. Woodruff*, 49 Ark., 381 [4 Am. State Rep., 55, 56]. The railroad company has acquiesced in the finding of the commissioners, and is bound thereby. (Mills, Eminent Domain [2d Ed.], sec. 242; *Goodrich v. Omaha*, 11 Neb., 206; *Downie v. Ladd*, 22 Id., 534; *Wichita R. Co. v. Martin*, 29 Kan., 751–4; *Fitchburg R. Co. v. Boston & M. R. Co.*, 3 Cush. [Mass.], 58; *Flagg v. Worcester*, 8 Id. [Mass.], 71; *Lawrence R.*

*Co. v. Williams,* 35 O. St., 169.) Its acts in this case constitute appropriation, though its road-bed may not cross the land. (Mills, Eminent Domain [2d Ed.], sec. 30; *Sutliff v. Johnson,* 17 Neb., 579; *Brigham v. Edwards,* 7 Gray [Mass.], 363; *Vanderlip v. Grand Rapids,* 41 N. W. Rep. [Mich.], 681–2; *McKinzie v. Boone Co.,* 29 Minn., 288; *Pumpelly v. Green Bay Co.,* 13 Wall. [U. S.], 168.) Taking the highway is an appropriation of the adjacent owner's land. (Mills, Eminent Domain, sec. 51; *Kucheman v. Hinke,* 46 Ia., 368; *Trustees v. R. Co.,* 3 Hill [N. Y.], 567; *Lawrence R. Co. v. Williams,* 35 O. St., 169. See also, *R. V. R. Co. v. Fellers,* 16 Neb., 169; *B. & M. R. Co. v. Reinhackle,* 15 Id., 279; *H. & G. I. R. Co. v. Ingalls,* Id., 127.)

MAXWELL, J.

The defendant in error in 1887 was and now is possessed of about three acres of land in the outskirts of the city of York. In the year named the plaintiff in error located its line of road north of said tract, so that a small corner thereof was taken, being but $\frac{4}{100}$ of an acre. The plaintiff in error, through its attorney, George W. Post, seems to have made an effort to effect a settlement with the defendant, but was unable to do so and seems to have made no effort to condemn the land. In February, 1888, the defendant in error filed a petition in the county court of York county for the appraisement of the damages sustained by him. Notice was duly given the plaintiff in error and commissioners selected and sworn, who made an award of $100 in favor of the defendant in error. From this award he appealed to the district court, where, on the trial, a verdict was returned in his favor for $1,200, and, a motion for a new trial having been overruled, judgment was entered on the verdict.

The appellant filed a petition in the district court, setting

forth the same facts as in the petition for condemnation in the county court; and the railway company answered, substantially denying the facts stated in the petition.    All this was unnecessary.    Where the only question in such case is the amount of the recovery, no new pleadings need be filed in the district court; but no prejudice resulted to either party from the practice resorted to.

The testimony tends to show that the railway in question is located directly north of the land of the defendant in error; that there is a cut at that point of eight to nine feet in depth and the earth is thrown out on each side of said cut and covers the land condemned.    It also appears that west of the defendant in error's land there is a high embankment in the public road, made necessary by a high bridge constructed over the railway at a point immediately northwest of the defendant's land.

There is a plat of the various additions to the city before us, with the right of way and location of the bridge marked thereon.    We also find in the record the following admission:    "Subject to all objections as to relevancy and competency, the defendant (railway company) admits that the defendant (railroad company) took the land immediately east of the plaintiff's land, and the land immediately west of the plaintiff's land to the width of seventy-five feet on each side of the center of the defendant's track for a distance of 300 feet east and 300 feet west of each side of the plaintiff's property."

The testimony tends to show that a portion of the defendant in error's land was taken and appropriated and that he has sustained a considerable amount of damage.    The jury were permitted to view the premises, and hence were possessed of means of arriving at the amount of damages from actual observation, which evidence we do not possess.

The court, at the request of the railway company, instructed the jury as follows:

"First—This case has been brought here by an appeal
7

from an award of damages by commissioners under the statute, for land of plaintiff, which plaintiff claims the defendant has taken for its right of way in the construction of its road and for the alleged injury to that part of plaintiff's land not taken.    The defendant denies that it has taken for right of way any portion of plaintiff's land, or that, by the construction and operation of its road, any portion of plaintiff's land has been injured.

"Second—The jury are instructed that unless the evidence shows that a part of the land of plaintiff was necessary for the construction and operation of the road, they must find for defendant.

"Third—The jury are instructed that the plaintiff is not entitled to any damages whatever by reason of his being cut off from other parts of the town, and in considering the damages you will not take into consideration any evidence that may tend to show damages by reason of the plaintiff being cut off from other parts of the town by reason of the defendant's railroad.

"Fourth—The jury are instructed that it is incumbent upon the plaintiff to prove either that a part of his land was taken by the defendant's railroad, or that it is necessary for the location, construction, and operation of the defendant's railroad; and if they find from the evidence that plaintiff has failed to prove such fact, they must find for the defendant.

"Fifth—The jury are instructed that an incidental injury to property, resulting from the lawful exercise of an independent right, is never held to be a taking of the property where the enjoyment of the right of and privilege does not involve an actual interference or disturbance on any of the property right; and if the jury find that the plaintiff in this case has not in any way been disturbed in his property rights, and is left free to cultivate and improve his land and premises, they must find for the defendant.

"Sixth—If you find from the evidence that it was neces-

sary for the defendant, in the proper construction of its road, to deposit, upon the plaintiff's land, the dirt taken from the cut made for its road-bed, and that the defendant did deposit said dirt upon plaintiff's land, not occupied by the public road, this would be evidence of a taking on the part of the defendant; if it was not necessary in the proper construction of its road to so deposit its dirt, then the deposit of said dirt would not be evidence of taking of plaintiff's land."

The court also, on its own motion, gave a number of instructions, to which no objection was made. The questions of fact were thus submitted to the jury.

In *M. P. R. R. Co. v. Hayes*, 15 Neb., 224, it was held that, "In making such assessment, it is proper to consider the way in which the road cuts the land, the inconvenient shape in which the residue is left, the excavations and embankments, and the exposure of the owner's property to particular injuries from its proximity to the road, which may result from its proper construction and operation ;" and in *Chicago, K. & N. Ry. v. Wiebe*, 25 Neb., 542, that "In an appeal from the award of damages sustained by a land owner from the location of a railway across his land, he is entitled to full compensation for the land actually taken, and for such damages to the residue of the land as are equivalent to the diminution in value thereof, general benefits not to be considered."

The cases above cited state the law correctly, as we believe, and they will be adhered to. There is considerable stress laid upon certain evidence in regard to the embankment and bridge near the house of the defendant in error, but no particular instruction was asked or given in regard to that nor apparently any foundation upon which to predicate error. The third instruction, given at the request of the railway company, apparently was intended to apply to the obstruction in the public road caused by the excavation in question. The bridge is not mentioned. Whether

the case of *Chicago, K. & N. Ry. Co. v. Wiebe*, 25 Neb.,
542, is applicable to the facts of this case, the obstruc-
tion in street being connected with the property taken, we
need not determine.    That the land owner has sustained a
very considerable amount of damages by reason of the lo-
cation and grading of the railway of the plaintiff in error
is clearly shown, and as the questions were submitted to
the jury, we cannot interfere with the verdict.    Some of
the instructions given at the request of the railway com-
pany are probably too favorable to the company to be an
accurate statement of the law, but that question is not be-
fore the court.

In a number of cases this court has held that questions
of damage for right of way were peculiarly of a local na-
ture, proper for the consideration of a jury of the county
where the land is situated. (*Omaha Belt Ry. Co. v. Johnson*,
24 Neb., 707; *Clarke v. C., K. & N. R. R. Co.*, 23 Id.,
616.)    There is no material error apparent in the record,
and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.