FRED BECKMAN, APPELLEE, v. LINCOLN & NORTHWESTERN RAILROAD COMPANY, APPELLANT.

FILED OCTOBER 22, 1909.    No. 15,779.

1. **Eminent Domain: APPEAL: ELECTION OF REMEDIES.** A railroad company which had leased its road to another company instituted proceedings in the county court for the purpose of condemning the real estate of a landowner for right of way purposes. The landowner appeared and contested the jurisdiction of the court upon the ground that the company seeking to exercise the right of eminent domain was not the real party in interest. His objection was overruled, and the report of the appraisers awarding $2,700 was confirmed. He then appealed to the district court, alleging the same facts, and averred that his damages were $7,000. He also sought to enjoin the proceedings, alleging the want of jurisdiction. The injunction being denied, he then amended his petition, claiming the increase of damages as demanded in his first petition. *Held,* That his proceeding to defeat the condemnation was not such an election of remedies as would prevent him from litigating as to the amount of damages.

2. ———: DAMAGES. In a proceeding to condemn real estate for the

purposes of right of way for a railroad company, "the landowner is entitled to full compensation for the land actually taken, and for such damages to the residue of the land as are equivalent to the diminution in value thereof." *Fremont, E. & M. V. R. Co. v. Meeker*, 28 Neb. 94.

3. ——: ——. In an inquiry whether and how much the part of a farm not taken for railroad right of way is depreciated in value by the appropriation of a part, it is proper for the jury to consider the liability of stock being killed, and the danger from fire from passing trains. See *Fremont, E. & M. V. R. Co. v. Bates*, 40 Neb. 381.

4. ——: INSTRUCTIONS: HARMLESS ERROR. The trial court instructed the jury that, if the amount of damages found by them did not exceed $2,700, no interest should be allowed, but, if it exceeded that sum, they should compute interest on the amount. The giving of the instruction was excepted to for the reason that, by inference, it informed the jury of the sum awarded by the appraisers. Defendant offered another one, which directed the jury to find damages and interest separately and unadded, which instruction was refused. *Held*, That while the instruction refused might, under the circumstances, have been the better, yet the giving of the one submitted would not require a reversal of the judgment.

5. Jury: VERDICT: SETTING ASIDE: MISCONDUCT OF JUROR. After the rendition of the verdict, affidavits of a number of jurors were filed, showing that during the deliberations of the jury one of their number stated that another railroad company had constructed its road across his land, and that he knew the inconvenience of it, and that his vote was for a larger sum than that returned by the verdict. It being shown that substantially the same statement was made by the juror on his *voir dire* examination, it is *held* that defendant cannot be heard to complain, there being no showing that it could not have excluded him. The question of the propriety of receiving such affidavits for the purpose of impeaching the verdict is not decided.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*James E. Kelby, Byron Clark* and *F. E. Bishop,* for appellant.

*Field, Ricketts & Ricketts, contra.*

REESE, C. J.

This is an appeal from the judgment of the district court for Lancaster county in a proceeding by defendant

to condemn a portion of the land of plaintiff for right of
way for the railroad track of the defendant. The prin-
cipal question involved is the amount of damages plaintiff
is entitled to receive. The verdict of the jury was for
more than that appraised by the commission appointed
by the county court. Preliminary to this, however, is the
contention by defendant that the district court was with-
out authority or jurisdiction to inquire into the question
of damages for the reason that the appeal was not from
the judgment of the county court awarding damages, but
from the order of that court in taking any action in the
matter. The appeal was filed in the district court in due
time. A petition was filed by plaintiff in which he con-
tested the right of the defendant to condemn his land for
right of way purposes for the reason that it was not the
real party in interest, it having leased its line of road to
another railroad company. The petition set out the pro-
posed line, and contained averments of facts showing the
injury to the property, with the allegation that the dam-
ages sustained would be the sum of $7,000, which was
more than the amount awarded by the appraisers. He
also instituted an action in injunction seeking to restrain
the defendant from proceeding with the condemnation of
a portion of his land. That suit was finally decided
against the contention of plaintiff, the case being reported
in 79 Neb. 89. Plaintiff, over the objections of defendant,
filed his amended petition, claiming damages in the
amount named in his former petition. Defendant filed
its answer controverting plaintiff's right to try the ques-
tion of damages, "because plaintiff has not appealed from
the award of damages made by the commission in the con-
demnation proceedings, but filed objections to the juris-
diction in said condemnation, and in the original petition
filed in this proceeding has prayed for the dismissal of
said condemnation." The answer also denied that plain-
tiff had been damaged for the land taken in any greater
sum than $1,400. Plaintiff replied by a general denial.

It is claimed by defendant that, plaintiff having elected

to appeal on the question of jurisdiction, he is bound by that proceeding, and should not be permitted to shift his appeal to one involving the question of damages. In other words, he is bound by his election. We cannot agree with defendant in this contention. Plaintiff's first petition not only questioned the jurisdiction of the court, but specifically raised the question of damages. But, had he not done so, we would still have to hold that the appeal transferred the whole case to the district court, and the fact that plaintiff questioned its jurisdiction could not have the effect of depriving him of the right to question the amount of damages awarded him, his attack upon the jurisdiction failing. In so far as the subject of damages was concerned, no new pleadings were necessary. *Fremont, E. & M. V. R. Co. v. Meeker*, 28 Neb. 94. The jurisdiction of the court having been sustained, the cause was pending for trial on its merits. The rule that a party cannot shift his contention to the prejudice of another has no application here. There has been no change in plaintiff's attitude as to the question of damages, or on any fact upon which his claim therefor was based.

A number of questions propounded to plaintiff and his witnesses were objected to, the objections overruled, and to which defendant excepted. To discuss them separately would extend this opinion to an unwarrantable length. The legal propositions presented will be noticed. It was conceded that the land taken comprised 7 acres in a strip 150 feet wide through plaintiff's quarter section, leaving 12 acres on one side of the track and 141 on the other, 12 acres having been previously taken for right of way for another track. Plaintiff sought to prove the value of the 7 acres actually taken and the diminution of the value of the remaining land; the whole being a farm in one compact body. To this defendant objected. Its contention is that the valuation of the 7 acres should be based upon the average acreage value of the farm. There was evidence that the 7 acres was of the best portion of the land, and hence the most valuable. In addition to proving the value

of the land actually taken, the court permitted evidence tending to show the value of the whole 148 acres immediately before the condemnation proceedings and after. This ruling was afterwards corrected, and the witness then testified as to the value of the 141 acres before taking, excluding the 7 acres taken. However, this did not materially change the situation, as the testimony of the witness relating to values was practically the same. He had estimated the value of the whole 148 acres at $75 to $80 an acre before the location of the road, and in his subsequent testimony stated that he thought the 141 acres was worth $80 an acre before the construction of the road. To the mind of the writer the contention of defendant is a little difficult of comprehension. From the adoption of our present constitution in 1875 to the present time the uniform holding of this court has been that, in the exercise of the right of eminent domain by the condemnation of real estate for purposes of right of way, the landowner was entitled to the value of the land actually taken and the diminution in value of the land not taken as his damages. *Fremont, E. & M. V. R. Co. v. Whalen,* 11 Neb. 585; *Republican V. R. Co. v. Arnold,* 13 Neb. 485; *Republican V. R. Co. v. Linn,* 15 Neb. 234; *Blakeley v. Chicago, K. & N. R. Co.,* 25 Neb. 207; *Chicago, K. & N. R. Co. v. Wiebe,* 25 Neb. 542; *Fremont, E. & M. V. R. Co. v. Meeker,* 28 Neb. 94; *Burlington & M. R. R. Co. v. White,* 28 Neb. 166. The instructions of the court on the trial followed this rule. Had the court adhered to the rule adopted in the early stages of the trial, there might be ground for complaint, yet, as to this, we are not certain, in the light of former decisions. However, since the rule contended for by defendant was finally adopted by the court, there is no ground for complaint.

It is next contended that there was error in the instructions given to the jury. The eighth is too long to be here copied. The different elements of damage to the land not taken were stated with exactness, at least in part, "the liability of stock to be killed, the danger of fire

from passing trains, and all other circumstances caused and produced by the location of defendant's right of way over and across plaintiff's farm in the manner which the evidence shows it to have been located," forming a portion thereof, and to which exception is taken. Were this an open question in this state, we would be strongly inclined to hold with the earlier decisions that the giving of the instruction above quoted, without the limitation to the use of the road without negligence on the part of defendant, was prejudicial error, as the law gives ample remedies when stock is killed or fires started by the negligent use of trains, but not where negligence is absent. However, the principle of the instruction has been approved in *Fremont, E. & M. V. R. Co. v. Bates,* 40 Neb. 381, *Omaha S. R. Co. v. Todd,* 39 Neb. 818, *Chicago, B. & Q. R. Co. v. O'Connor,* 42 Neb. 90, and *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239, and cannot now be departed from.

The court instructed the jury that, if their finding of damages did not exceed the sum of $2,700, no interest should be allowed, but that, if they found above that sum, interest should be computed by them at the legal rate. The criticism of this instruction is that, by inference, it informed the jury of the amount found due by the appraisers, and was, in effect, a suggestion which might induce them to find for more than that sum in order to give plaintiff interest. It is possible that such might have been the effect of the instruction, and yet we cannot see that it was reversible error. In *Bolar v. Williams,* 14 Neb. 386, an attorney, in trying a case before a jury in the district court, stated that the cause had been tried in justice court, giving the result. No exception was taken, and the question was not presented for review, but the remark was referred to as "a gross breach of propriety," etc. There is no contention in this case but that the rule given was correct, but it is claimed that it should have been given in another way. For the purpose of obviating this difficulty, defendant asked an instruction directing

the jury to find the damages and interest separately and unadded. This instruction was refused. It is probable that the plan suggested by defendant would have been the better method, but it is not thought for that reason the judgment should be reversed. It would be by inference alone that the former finding could be surmised by the jury. From the instruction given, the jury might seek a reason for it and might arrive at the correct solution, but such is not shown by the record to be the fact. Other instructions were asked, and the refusal to give them is assigned for error, but we find nothing in the action of the court in that behalf to the prejudice of defendant.

After the returning of the verdict, affidavits of jurors were filed, stating, in substance, that one of the jurors who desired to return a larger verdict than that rendered had stated in the jury room during their deliberations that another railroad company had constructed its road across his land, and that he knew the inconvenience of it, and that his vote was from $3,500 to $4,200. The verdict was for $3,659.32, including interest at 7 per cent. for the one year and six months, making the damages found about $3,300. The question is raised as to the propriety of filing and considering such affidavits for the purpose of impeaching the verdict; but, as it is shown that substantially the same statement was made by the juror on his *voir dire* examination, it is not deemed necessary to notice the matter further, as the defendant could not be heard to complain, there being no showing that it could not have excluded him.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.