[Civ. No. 2185.   Second Appellate District.—December 13, 1916.]

## COUNTY OF LOS ANGELES, Appellant, v. P. T. SULLIVAN et al., Respondents.

EMINENT DOMAIN—CONSTRUCTION OF STORM DRAINAGE CANAL—TENDENCY TO FLOOD LAND NOT TAKEN—EVIDENCE.—In an action brought by a county to condemn a strip of land through a larger tract owned by the defendant, over which the county proposed to construct a canal for the purpose of carrying flood waters which in times of heavy rains accumulated upon the watershed contiguous to such tract, it is proper to admit evidence tending to show that the construction of such a drainage canal would subject the lands of the defendant not taken to danger from flooding, and thereby materially impair their market value.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and Charles E. Haas, Deputy County Counsel, for Appellant.

John H. Foley, and George H. P. Shaw, for Respondents.

SHAW, J.—This is an action brought by the county of Los Angeles to condemn a strip of land through a larger tract owned by defendant Sullivan, over which the county proposed to construct a storm drain or canal in the manner described in the complaint, for the purpose of carrying flood waters which in times of heavy rains accumulated upon the watershed contiguous to defendant's said tract of land.   The summons was issued on August 13, 1913, and the action was tried by the court without a jury in February, 1914.   Pursuant to stipulation of the parties, the court found that Sullivan was entitled to compensation for the strip of land sought to be condemned in the sum of $2,216; and upon evidence adduced by the respective parties, it found that the damage accruing to the remainder of the tract by reason of its severance from the strip condemned, and the construction thereon of the storm drainage canal in the manner proposed by the plaintiff, was

the sum of eleven thousand nine hundred dollars. Judgment followed, from which this appeal is prosecuted.

That the evidence adduced is ample to justify the finding made as to the damage, admits of no question; indeed, no attack is made thereon by appellant, its chief contention being that the court erred in admitting testimony of witnesses who, in part, based their opinion as to the amount of damage sustained upon the alleged fact that the proposed storm drain and canal would constitute a constant menace and danger in that, during times of heavy rainstorms, when a large volume of water would gather and flow down through the drainage canal, it might flood the land, and that the effect of this threatened flooding due to the construction of the canal for the purpose intended, was to greatly depreciate its market value.

The point made may be best illustrated by quoting the view expressed by the learned trial judge who, with reference to the rule that should obtain in the trial of the case, said: "You should assess as compensation for damages which, in your opinion, would accrue to the land [not] taken by reason of the severance produced by that particular kind of improvement. Now, if the particular kind of improvement proposed is one that might have a tendency to *flood the land* some time in the future, that possibility should be taken into consideration. It might be a very remote possibility; if so, it would have very little effect on the damages. Any probable contingency might have a considerable effect on the amount of damages," to which appellant's counsel replied: "Your Honor, please, isn't it the rule that he must take it at the market value as it stands because of severance?" The Court: "Precisely; he must take into consideration the character of the instrumentality that caused the severance"; the damage being fixed as of the time of the issuance of the summons. The rule thus adopted was in accordance with the provisions of sections 1248 and 1249 of the Code of Civil Procedure, the first of which provides that there must be assessed "the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and *the construction of the improvement in the manner proposed by the plaintiff*"; and the second providing that the right to such damages shall be deemed to have accrued at the date of the summons. Pursuant to the rule thus adopted by the court in the trial of the case, witnesses were asked the

following question: "At that time, to wit, August 13, 1913, what damage accrued to Mr. Sullivan's property by reason of the severance of the land by virtue of the proposed construction, taking into consideration the possibilities of the construction itself bringing more or less water as the case might be upon Mr. Sullivan's property?" The question in issue was the amount of damage suffered; that is, the difference in the market value of the land immediately preceding the issuance of the summons on August 13, 1913, and its market value with the canal constructed in the manner proposed for the purpose intended. Necessarily the issue must be determined from the opinions of witnesses qualified to testify upon the subject. As to be expected in such cases, the opinions as to the impairment in value differed greatly, ranging from $750 by one who could not foresee any reasonable probability of damage from flooding, to upward of eighteen thousand dollars by those who claimed the improvement must inevitably result in flooding and cutting some 75 acres of land worth before the improvement upward of six hundred dollars per acre. Conceding appellant's contention that "the opinions of witnesses should not be speculative, but based upon facts and conditions proved or admitted," and that "opinions based upon conjecture and remote possibilities are of little value" (Lewis on Eminent Domain, 3d ed., sec. 654), nevertheless, the objection goes to the value which should be given the testimony, rather than to its competency. Sullivan, as owner of the land, was entitled to compensation for any and all depreciation in the value thereof which could be attributed to the construction of the proposed improvement for the purpose contemplated; and since the testimony *clearly tended to establish the facts* upon which such opinions were based, it was for the trial court to determine the value thereof as evidence. It is held in many jurisdictions that when a railroad is laid out through a parcel of land, the danger of fire necessarily arising from the operation of the road to the buildings upon the remaining land should be considered as an element of damage, so far as it affects the value of the land. (*Cape Girardeau etc. R. Co.* v. *Blechle*, 234 Mo. 471, [Ann. Cas. 1912D, 246, 137 S. W. 974]; *Adden* v. *White Mountains R. R.*, 55 N. H. 413, [20 Am. Rep. 220]; *Beckman* v. *Lincoln etc. R. R. Co.*, 85 Neb. 228, [133 Am. St. Rep. 655, 122 N. W.

994].)    As to whether such danger would be remote would
depend upon the proximity of the buildings to the line of the
railway, and hence no rule of general application can be laid
down governing such question.    Whatever tends directly and
substantially to diminish the value of the tract of land left to
the owner who has been compelled to part with possession of
a portion thereof for public good, should be weighed and con-
sidered in awarding him damages.    Applying this rule, the
court was amply justified in admitting evidence tending to
show that the construction of the drainage canal in the manner
proposed would subject the lands of defendant to danger from
flooding, the effect of which would be to materially impair its
market value, for which he was entitled to compensation.    (15
Cyc. 691, 692; *Chicago* v. *Taylor*, 125 U. S. 161, [31 L. Ed.
638, 8 Sup. Ct. Rep. 820].)

It appears that after the date of the issuance of the sum-
mons, and before the trial of the case, two heavy rainstorms
occurred, as a result of which defendant's land was flooded to
its great damage.    Sullivan, the defendant, testified that at
the time of the issuance of the summons not only he, but any
one familiar with the storm-water conditions in Southern Cali-
fornia, and the topography of the land contiguous to that
owned by him, from which the storm waters were gathered
and conducted into the canal, could at the time, to wit, August
13, 1913, have foreseen what the result to his land would be
from the construction of the proposed improvement; and,
further, that the result which he then foresaw and expected
was just what occurred in the two storms referred to.    There-
upon questions were asked whereby it was sought to elicit
evidence as to the effect which the flooding from these two
storms had upon the land, to which objection was made.    The
objection was overruled, the court saying: "Now, Mr. Sullivan
has testified that the effect of that improvement would be to
produce the very conditions which were produced. . . . It is
now proper to show exactly what did ensue, what did happen,
he having testified that those things could have been foreseen.
Upon that theory the evidence of the present conditions may
be admissible."    Thereupon defendant was permitted to show
the condition of the land which was washed and channeled
and upon which sand and silt were deposited as a result of the
flooding.    Under the peculiar circumstances of the case, we

cannot say this was prejudicial error. Sullivan's testimony as to damage was limited to the time when the summons was issued. His estimate was based upon what he at that time conceived to be the condition which would probably result from the construction of the proposed improvement. The testimony of the witness that in August he foresaw and expected just what occurred—even to the cutting of channels through and the deposit of silt and sand upon his land in February—may appear improbable, thus rendering his evidence of little weight. Indeed, it is apparent that the trial judge attached no weight to the evidence; hence, if error, no prejudice resulted.

There was no error in the ruling of the court upon the admission of evidence, which is ample to sustain the finding that the construction of the proposed canal for the purpose intended endangered the land from annual storm-water floods, as the result of which its market value was impaired, as found by the court.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1917.