MISSOURI VALLEY PIPE LINE COMPANY, APPELLANT, V. GLADYS ORR NEELY ET AL., APPELLEES.

FILED JANUARY 20, 1933. No. 28357.

294

*George A. Lee, Fred C. Foster* and *William P. Warner,* for appellant.

*George W. Leamer, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

ROSE, J.

The Missouri Valley Pipe Line Company, plaintiff, instituted this proceeding before the county judge of Dakota county to condemn land owned by Gladys Orr Neely, one of the defendants, for a right of way or easement for a natural gas pipe line. For this public utility plaintiff demanded the use of a strip of land 30 feet wide and 78 rods long diagonally across a 30-acre tract approximately a mile and a half from South Sioux City and about two miles from Dakota City. The easement sought was the privilege of laying, relaying and maintaining a 16-inch steel pipe 30 inches below the surface of the ground, and includes the right of ingress and egress for workmen, inspectors, teams, trucks and equipment. Pursuant to statute the county judge appointed commissioners to determine the damages sustained by reason of the "laying, relaying and maintenance" of the pipe line. Comp. St. 1929, sec. 75-1102. From an award of $156 in favor of the landowner both sides appealed to the district court, where a jury was waived and a trial resulted in a judgment in her favor for $390. Plaintiff appealed to the supreme court.

The question presented by the appeal is the sufficiency of the evidence to sustain the recovery of damages in the sum of $390. The pipe line has been constructed through the landowner's premises. Plaintiff is not entitled to a trial *de novo*. For the purpose of review, the findings of the district court are equivalent to the verdict of a jury, and it will be presumed that incompetent testimony

was disregarded in the determination of the issues below, if evidence properly admitted is sufficient to sustain the judgment.

The right of plaintiff to exercise the power of eminent domain, in absence of an agreement for compensation, depends on the legislative grant, which requires the determination of the damages sustained by reason of "the laying, relaying and maintainance" of the pipe line. Comp. St. 1929, sec. 75-1102. The application for the right of way implied damages in some amount. The witnesses on both sides were practically unanimous in the opinion that the value of the landowner's 30-acre tract, before it was intersected by the pipe line, was $250 an acre, but as to the value afterward the evidence was conflicting. On behalf of the landowner there was testimony to the effect that the tract was depreciated in value to the extent of $50 an acre, or $1,500, while a witness called by plaintiff, the Missouri Valley Pipe Line Company, expressed the opinion that the pipe line, which made heating and illuminating gas available to landowners, as it did, increased the land value $10 to $25 an acre. By this witness plaintiff itself adduced evidence to the effect that the land was best fitted for acreage, and that it could be cut into three to five-acre tracts and sold to people from Sioux City and South Sioux City. Both sides resorted to affirmative testimony of the nature indicated, and, though conflicting on the issue of damages, there is sufficient evidence to sustain the judgment of the district court.

AFFIRMED.