CARL V. E. NEWMAN, APPELLEE, V. DEPARTMENT OF PUBLIC
WORKS, APPELLANT.

FILED APRIL 14, 1933. No. 28469.

*Paul F. Good, Attorney General, William H. Wright* and
*John Riddell,* for appellant.

*Sandall & Webster, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY
and DAY, JJ.

ROSE, J.

The department of public works of the state of Ne-
braska instituted this proceeding before the county judge
of York county to condemn for highway purposes land
owned by Carl V. E Newman. Authority to do so was
granted by the legislature. Comp. St. 1929, sec. 39-1403.

Newman's land, situated a mile and a quarter north
of York, consisted of an 84-acre farm with his dwelling-
house and other buildings in the northwest corner. Fed-

eral Highway 11, running east and west, is north of the farm and Federal Highway 81, running north and south, was formerly on the west. The land taken for the right of ways is in the form of a "Y" with the upper arms in wide curves opening out of Federal Highway 11, converging near the center of Newman's farm and running south into York. The new Y-roads accommodate traffic from both Federal highways named.

The land actually appropriated for highway purposes amounted to about 7.9 acres. The Y-roads divide the farm into three irregular tracts. On the east there are approximately 39 acres in one tract and on the west 29.3 acres in another tract. The tract between the upper arms of the "Y", bordering the highway on the north, contains about 8 acres.

Appraisers appointed by the county judge viewed the premises, considered the issue of damages and awarded Newman $6,300. Both parties appealed to the district court, where the jury rendered a verdict in favor of Newman for $6,960.32. From a judgment therefor the department of public works appealed to the supreme court.

The sufficiency of the evidence to sustain the verdict for damages in the sum of $6,960.32, is the material question presented by the appeal. A recognized measure of damages is the difference between the value of the property taken or damaged for a public highway immediately before and immediately after the change resulting in the right to compensation. *Lowell v. Buffalo County,* 119 Neb. 776; *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239. Both parties directed evidence to that issue and the testimony of all witnesses indicated substantial damages. Witnesses differed in their estimates, but there was testimony on both sides that the value of the farm immediately before the taking of land for the new roads was $175 an acre. On behalf of Newman there were estimates of value as high as $200 an acre. Opinions of witnesses as to value afterward were also conflicting, but

there was testimony that the value of the land after the change was as low as $85 an acre. The jury rejected the highest and lowest estimates of value and awarded damages between the extremes. The appraisers appointed by the county judge and the jury in the district court viewed the premises. The difference in their findings was only $660.32. Owing to the condition in which the farm was left, substantial injury to the land not taken was recognized by the department of public works. Counsel for the state conceded in argument that the evidence would sustain a judgment for $5,000, but insisted the recovery should be reduced to those figures. The difference between that sum and the verdict is $1,960.32, but the proofs are clearly sufficient to sustain the judgment. The jury were the judges of the credibility of the witnesses and of the weight of their testimony.

An instruction not misstating the law is criticized as incomplete, but prejudicial error therein is not shown in absence of a request for more complete directions to the jury.

A substantial ground for a remittitur or a reversal has not been shown.

AFFIRMED.