UNITED STATES NATIONAL BANK OF OMAHA ET AL., TRUSTEES, APPELLANTS, v. LOUP RIVER PUBLIC POWER DISTRICT, APPELLEE.

298 N. W. 529

FILED MAY 29, 1941. No. 31063.

*Morsman & Maxwell* and *George Doane Keller*, for appellants.

*William P. Kelley, August Wagner* and *C. N. McElfresh*, contra.

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER and ELLIS, District Judges.

KROGER, District Judge.

Loup River Public Power District, a corporation, hereinafter referred to as condemnor, commenced condemnation proceedings in the county court of Douglas county against

the United States National Bank of Omaha, Nebraska, and George Doane Keller, as trustees of the trust estate created by the last will and testament of Charles B. Keller, deceased, hereinafter referred to as condemnee, to condemn a right of way across the premises of condemnee in Douglas county for the construction and maintenance of transmission lines.

No complaint is made of the regularity of the condemnation proceedings up to and including the award of the appraisers. The condemnor, not being satisfied with the award, gave notice of appeal and within 30 days filed an appeal bond and within 60 days filed a transcript of the proceedings in the district court for Douglas county. Condemnee took no action and so far as the record discloses was satisfied with the award of the appraisers. After the appeal had been docketed, the condemnee filed a lengthy petition in the district court, but no matter excepting the amount of damages was raised in the petition. Some time later the condemnor filed a motion asking that the district court affirm the award of the appraisers, together with interest and costs incurred to date. This motion was resisted by condemnee and from an order and judgment of the trial court sustaining the motion, condemnee appeals to this court.

It is somewhat difficult to determine just what the theory of condemnee is, but apparently the contention is that the proceedings in the county court were not legal proceedings in the sense that they constituted an action at law, and when the appeal was docketed in the district court, by statute, the condemnee became plaintiff and the condemnor defendant, and that this was, in reality, the beginning of a law action and that, as condemnee was plaintiff in that action and had filed a petition, the same could not be dismissed or disposed of without the consent of the condemnee.

While it is true that the proceedings for condemnation in the beginning are not in the nature of an action at law, yet it does not follow that, when an appeal is taken from such proceedings to the district court and the case is there dock-

eted, such action constitutes the beginning of an action in the generally accepted sense. But for the appeal, the award of the appraisers would be final and there never would be any proceedings in the district court. Consequently, it is the appellant who is responsible for instituting the action in the district court, even though by statute the parties in a condemnation action are designated in the reverse order from what they appear to be in the proceedings in the county court.

While our statute does not make express provision for the disposition of the appeal after it is docketed in the district court, this court has held that, where an appeal from an award of damages has been taken by the condemnor and thereafter the condemnor becomes satisfied with the correctness of the award and does not desire to prosecute such appeal, the proper procedure is a motion to affirm the award with interest and costs; and it is further held that only upon a showing of fraud or undue advantage would such a motion be denied. *Berggren v. Fremont, E. & M. V. R. Co.,* 23 Neb. 620, 37 N. W. 470; *Robbins v. Omaha & N. P. R. Co.,* 27 Neb. 73, 42 N. W. 905.

The condemnee argues that the condemnation statute has been amended several times since the above cited cases were decided and that such amendments have changed the act and the procedure thereunder. An examination of the amendments made indicates that they were not such as to materially change the procedure, the only material amendment being the one requiring the appellant to give a bond. This amendment would not in any manner affect the rule as to disposition of the appeal after it is docketed in the district court.

The fact that a petition was filed in the district court by condemnee cannot change the rule, because the filing of that petition was not essential or necessary. This court has, in a number of cases, held that, where on appeal the only question is the amount of damages, no pleadings are necessary. *Fremont, E. & M. V. R. Co. v. Meeker,* 28 Neb. 94, 44 N. W. 79; *Trester v. Missouri P. R. Co.,* 33 Neb. 171, 49

N. W. 1110. Since no petition was necessary, plaintiff could not acquire any additional rights by the filing of same.

In principle, there is no reason why appeals in condemnation matters should not be governed by the same rules which apply to appeals from justice courts. In the latter class of cases our court is committed to the rule that appellant may dismiss such appeal without consent of appellee. *Eden Musee Co. v. Yohe*, 37 Neb. 452, 55 N. W. 866.

In this case condemnee, not having filed a cross-appeal, had no right to object to the motion of condemnor to affirm the award, as the result of that motion was to ratify the award made by the appraisers with which condemnee was apparently satisfied.

The ruling of the trial court was correct and is

AFFIRMED.