BERTHA STOKES LITTLE ET AL., APPELLEES, V. LOUP RIVER
PUBLIC POWER DISTRICT, A PUBLIC CORPORATION,
APPELLANT.

36 N. W. 2d 261

Filed March 3, 1949. No. 32557.

*Walter & Flory, Gerald E. Collins,* and *Joseph E. Strawn,* for appellant.

*Abel V. Shotwell* and *William R. Patrick,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Loup River Public Power District, appellant, commenced proceedings against Bertha Stokes Little and John T. Little, appellees, to acquire by condemnation an easement for right-of-way purposes through land owned by them.

Appellant is a public corporation engaged in the generation and distribution of electric energy in this state, and owns and operates works of public improvement appropriate for its operations. The easement acquired by the proceedings in this case is perpetual, 100 feet wide across the north part of the southwest quarter of Section 23, Township 14 North, Range 12 East, of the 6th. P. M., in Sarpy County, Nebraska, and is a right-of-way for the construction, maintenance, and operation of a wood pole "H" structure "X" braced 115,000 volt transmission line with minimum clearance of 26 feet as specified in the National Electric Safety Code.

The commissioners made an award in the sum of $800. An appeal was taken by appellees to the district court and the trial there resulted in a verdict of $2,000. Judgment was entered for appellees for $2,000, the amount of the verdict, and for $341.33, interest thereon from October 5, 1945, the date of the award of the commissioners, to the 9th day of August, 1948. The appeal is from that judgment.

The appellant in paragraph VII of its application for condemnation states, "This applicant does not desire the fee title, but a 100-foot easement, and * * * obligates itself to pay all future crop damages incident to the maintenance and reconstruction of said line when and as such damages occur." Error is claimed because the offer in evidence of the quoted statement was refused and

that the exclusion of this from the jury, and the failure of the court to include this proposal in his instructions prevented the defendant from having a fair trial. Appellant asserts it had a right in this way to eliminate from consideration in this case the evidence of crop damage which will probably result from the maintenance, repair, and rebuilding of the transmission line or a part of it during the future years, and thus mitigate the damages recoverable herein. There is no evidence or claim that the proposal had been approved or accepted by appellees or that they had done anything to prejudice their right to the immediate recovery of full compensation resulting from a consideration of all legal elements, including the matter of probable future crop damage in the use of the easement. This was clearly an unaccepted promissory stipulation. A proposal made as a part of an application in a condemnation case in substantially the language used in this case was determined by this court not to constitute an agreement. Pierce v. Platte Valley Public Power and Irrigation District, 143 Neb. 898, 11 N. W. 2d 813. In the absence of an agreement between the parties the condemner must take the rights he seeks to appropriate unconditionally and he must make full compensation for what he takes. An unaccepted promise to do something in the future cannot affect the character or the extent of the rights acquired or the amount of the damages to be recovered as just compensation. When property is taken by the power of eminent domain, the compensation of the owner is to be determined by the actual legal rights acquired by the condemner and not by the use he may make of the rights. Pierce v. Platte Valley Public Power and Irrigation District, *supra*. See, also, Louisville and Nashville R. R. Co. v. Western Union Tel. Co., 184 Ind. 531, 111 N. E. 802, Ann. Cas. 1917C 628; State ex rel. Polson Logging Co. v. Superior Court,

11 Wash. 2d 545, 119 P. 2d 694; 18 Am. Jur., Eminent Domain, § 114, p. 741.

Proprietary rights reserved to the owner of the fee are to be distinguished from unaccepted promises of the condemner to do something in the future for the benefit of the owner. An application for appropriation of land might be so drawn as to limit the rights to be acquired thereunder and leave in the owner easements and rights not taken by the condemnation, if such reservation of rights in the owner is not incompatible with the use for which the land is condemned and does not impair the ability of the condemner to render the public service for which the taking is had. The appellant has limited its rights acquired to some extent by reserving the proprietary right to the owners of the land in question here to say where upon the land, not included in the area of the easement, and how the right of ingress and egress shall be exercised by the appellant.

There is a distinction between an appropriation subject to rights of the landowner excepted therefrom and left unaffected thereby in him, and an attempt to impose unaccepted promissory stipulations and proposed agreements by the condemning party in respect to undertakings to be performed subsequent to the time of the appropriation. The unaccepted promise or proposal to do something in the future upon the happening of some contingency does not affect the character or extent of the rights acquired or the amount required to be paid as just compensation.

The proposal in the application of appellant herein quoted is promissory in its terms and relates only to acts to be performed upon contingencies to arise after the appropriation has been completed. If this proposal were operative, any action because of a failure to perform its terms would be one for damages on an unliquidated claim. This would be a source of frequent if not fruitful litigation. The proposal of appellant would

deny appellees their right to recover in one action the damages which the Constitution guarantees them in consequence of a taking of a part of their land and the making of a construction thereon, and would limit them to another action or actions for damages in the event appellant and appellees could not agree on the future damages to be paid by appellant under the terms of this proposal. Fortunately this is not the law. Appellees were assured by the Constitution of the state recovery in one action of the whole amount of the damages they sustained because of the taking without the delay or expense of future lawsuits. Art. I, § 21, Constitution of Nebraska; Pierce v. Platte Valley Public Power and Irrigation District, *supra*; Robinson v. Central Nebraska Public Power & Irrigation District, 146 Neb. 534, 20 N. W. 2d 509; Snyder v. Platte Valley Public Power & Irrigation District, 140 Neb. 897, 2 N. W. 2d 327. See, also, DePenning v. Iowa Power & Light Co., — Iowa —, 33 N. W. 2d 503; Milwaukee E. Ry. & L. Co. v. Becker, 182 Wis. 182, 196 N. W. 575.

Appellant attempts to further support this alleged error by representing it has no intention to go upon the easement in the near future to repair, maintain, or rebuild the construction made thereon or any part of it, and that it may be 25 years or more before the appellant will have occasion or the necessity to do so. This is not important because the fact that the condemner has no present intention of exercising all the rights acquired or the probability that its use may be a limited one are not proper matters for consideration in fixing compensation since damages are required to be paid for the right appropriated, even though full use may not be immediately contemplated or never had. The presumption is that the appropriator will exercise his rights and use and enjoy the property taken to the full extent. 29 C. J. S., Eminent Domain, § 155, pp. 1015, 1016; 18 Am. Jur., Eminent Domain, § 249, p. 887; Penn

Builders, Inc. v. Blair County, 302 Pa. 300, 153 A. 433, 75 A. L. R. 850; DePenning v. Iowa Power & Light Co., *supra;* Shell Pipe Line Corporation v. Woolfolk, 331 Mo. 410, 53 S. W. 2d 917; Coos Bay Logging Co. v. Barclay, 159 Or. 272, 79 P. 2d 672; Klopp v. Chicago, M. & St. P. Ry. Co., 142 Iowa 474, 119 N. W. 373.

Appellant also contends that "statements and allegations in pleadings are a part of the proceedings for all purposes of the trial" and "this paragraph (VII) being a part of the application, and never having been stricken, it is within the issues." It relies upon statements in Bonacci v. Cerra, 134 Neb. 476, 279 N. W. 173 as its authority for this position, but it disregards the very important qualifying phrases contained therein, such as " 'The pleadings in a cause * * * are not a means of evidence, but a waiver of all controversy *(so far as the opponent may desire to take advantage of them)* * * *?' " and " 'Statements, admissions and allegations in pleadings (upon which the case is tried) * * * are before the court and jury, and *may be used for any legitimate purpose.*' " (Emphasis supplied.)

Condemnation is a special statutory proceeding. The right to authorize the exercise of the power and the mode of the exercise thereof is legislative. Missouri Valley Pipe Line Co. v. Neely, 124 Neb. 293, 246 N. W. 483; Goergen v. Department of Public Works, 123 Neb. 648, 243 N. W. 886; 18 Am. Jur., Eminent Domain, § 9, p. 637, § 308, p. 954; Paine v. Savage, 126 Me. 121, 136 A. 664, 51 A. L. R. 1194. The applicable statute provides that the condemner may present a petition describing the land, the size of the works, the quantity of land required to be taken, the names of the parties interested in the land, and a prayer for the appointment of appraisers. § 46-247, R. S. 1943. There is no requirement or permission for an application in a case of this character to contain any other matter, neither is there any obligation on the condemnee to make any pleading in

a condemnation case if the only question is the amount of the compensation to be exacted because of the taking. A litigant may not enlarge his rights or gain any advantage by alleging unnecessary, immaterial, or improper matters in a pleading. Pierce v. Platte Valley Public Power and Irrigation District, *supra;* United States Nat. Bank of Omaha v. Loup River Public Power District, 139 Neb. 645, 298 N. W. 529.

The record shows the right-of-way easement condemned is 100 feet in width across the north part of land of appellees, slightly diagonal in direction from the west to the east, and leaves a small triangular part of the land between the north boundary of the area of the easement and the north line of the farm. The area affected by the easement is about six acres. The farm is a level 160 acres, all tillable, very productive, exceptionally desirable and valuable, advantageously located, and adjoins the town of Papillion on the north, with buildings near the southwest corner consisting of a large garage, a large hay barn, machine shed, double corncrib, hog house, tank house, and large modern house, and bounded by graveled highways on the north and south and a paved highway on the west—one of the main highways into Omaha. The house is rented for residential purposes for a rental of $75 per month and is not used as a part of the farm operations. The loss and inconvenience because of the construction of the right-of-way on this land is detailed at unusual length. An acreage adjoining Papillion on the south has been platted and is being developed as a subdivision for residential purposes, and an area one mile and a half north of Papillion—just north of the county line—has been platted for residential purposes, and many houses have been built there. This land was suitable and desirable for use for suburban homes. There had been recently an enormous development in the north part of Papillion. The construction made on the right-of-way

by appellant was a wood pole "H" structure "X" braced 115,000 volt transmission line which has a minimum clearance of 26 feet. There are four two-pole structures on the land of appellees with a space of about 14 feet between the poles of each structure. The jury on the request of appellant viewed the premises and the construction thereon.

The witnesses of appellees testified that the reasonable market value of the land before the condemnation of the easement across it was $250 per acre, and two testified that after the condemnation the reasonable market value of the land was $225 per acre, and one testified to a value of $220 to $225 per acre, and one testified to a value of $212.50. The witnesses for the appellant fixed the reasonable market value of the land before the condemnation of the easement from $160 per acre to $250 per acre, and the decrease in the reasonable market value of the land because of the condemnation at $500, $400, $200, and $157.50 respectively, and one witness stated that the reasonable market value of the land was $200 per acre, and this was not changed or affected in any amount because of the condemnation of the easement and the construction of the transmission line.

Appellant claims that the verdict is excessive. The rule is that the amount of damages sustained by a landowner for right-of-way condemned across his land is a question of a local nature proper to be determined by a jury of the county, and this court ordinarily will not interfere with the verdict if it is based on the evidence in the case. Kennedy v. Department of Roads and Irrigation, *ante* p. 727, 35 N. W. 2d 781. There was material disagreement of the witnesses as to the market value of the land, both before and after the appropriation of the right-of-way. The qualification of each witness to testify was established. Wahlgren v. Loup River Public Power District, 139 Neb. 489, 297 N. W. 833. There was

no evidence produced to discredit any witness. The testimony was conflicting. It was pertinent to the issue and it was for the jury to say what conclusion should be drawn therefrom. It would be arbitrary and without justification for this court to substitute its judgment for that of the jury. When the evidence is conflicting, the verdict of a jury will not be set aside unless it is shown to be clearly wrong. Kennedy v. Department of Roads and Irrigation, *supra*. The jury are the judges of the credibility of witnesses and the weight of their testimony. Newman v. Department of Public Works, 124 Neb. 684, 248 N. W. 94. In Remmenga v. Selk, *ante* p. 401, 34 N. W. 2d 757, it is said: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." It cannot be said that the verdict in this case is excessive.

It is said by appellant that the verdict was the result of passion and prejudice, but it fails to indicate anything in the record of the case tending to support this charge. It will not be presumed that passion and prejudice influenced the minds of the jurors. It must be made to appear from the record before the verdict will be disturbed by this court. Hickey v. Omaha & C. B. St. Ry. Co., 140 Neb. 665, 1 N. W. 2d 304.

There are several assignments of error in general terms, but none of these are otherwise considered in the brief of appellant. This court will not pass on alleged errors assigned but not discussed. It may, at its option, consider a plain error observed by the court but not assigned. Exchange Elevator Co. v. Marshall, 147 Neb. 48, 22 N. W. 2d 403. A review of the record has failed to disclose any plain error.

AFFIRMED.